NATHANIEL STEWART, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

The act of 1870 (chap 321. Laws of 1870), providing "for the appraisal of canal claims against the State," does not relate to or confer a new jurisdiction to hear claims for the taking of a fee, or for the appropriation of a continuous and permanent easement by the State.

Claimant alleged, as the ground of his claim, that the State for the purposes of canal navigation, rebuilt a dam on the Oswego river and canal, by reason whereof the waters of Ox creek were set back upon his lands and remained there the entire year. *Held*, that the claim was not provable under the act of 1870, but under the act of 1830 (chap 293, Laws of 1830), or the amendatory act of 1866 (chap. 836, Laws of 1866), that the one year's limitation prescribed by the latter act was applicable, and, as the claim was not presented within that time, that claimant was properly awarded nothing.

(Submitted March 9, 1887; decided April 19, 1887.)

APPEAL from order or award of the Board of Claims made March 23, 1886, which dismissed the claim of the claimant herein on the ground that it is barred by the statute of limitations.

The nature of the claim is set forth in the opinion.

*Levi H. Brown* for appellant. The act of 1830 has no application to the case at bar. (*Coster* v. *Mayor, etc.*, 43 N. Y. 399, 415.) The claim is a valid one and should be heard by the Board of Claims, and is unaffected by any legislation prior to the acts of 1866 and 1870. (*People ex rel. Jermain* v. *Thayer*, 63 N. Y. 348, 350, 351, 352; *Mark* v. *The State*, 97 id. 572; *Ely* v. *Holton*, 15 id. 595; *Moore* v. *Mausert*, 49 id. 332.)

*Denis O'Brien*, attorney-general, for respondent. The causes of claimant's damages accrued in the year 1866. His right of action therefor became fixed at the time of the completion of the dam. At any time within one year thereafter claimant could have presented his claim, and any award thereon would have embraced not only existing, but also future damage. (*Uline* v. *N. Y. C. & H. R. R. Co.*, 101 N. Y. 107.) There is no allegation in the claim that the State was guilty of any negligence in the construction of the work in question, and no facts are stated therein which would create a legal liability against the State were the same established in a court of justice against an individual or a corporation as required by the act of 1870. (*Moyer* v. *N. Y. C. & H. R. R. Co.*, 88 N. Y. 351; *Uline* v. *N. Y. C. & H. R. R. Co.*, 101 id. 107; *Lewis* v. *State*, 96 id. 71; *Sheridan* v. *Jackson*, 72 id. 172.) The act of 1830 was prospective, but only had reference to lands overflowed at the time of the passage of that act. (*Kehn* v. *State*, 93 N. Y. 291; *Goillotel* v. *Mayor*, *etc.*, 87 id 443.) The claimant could not, by his silence, acquiesce in the assumption of the court in dismissing the claim and afterwards allege as error that there was some other aspect of the case which entitled him to maintain the action. (*Genet* v. *Prest. etc.*, *D. & H. C. Co.*, Ct. App. 13 W. D. 200.)

FINCH, J Our decision in the case of *Mark* v. *The State* (97 N. Y. 572, 580), and in *Heacock & Berry* v *The State*,[*] just rendered, established that the act of 1870, whatever may prove to be its entire scope, does not relate to or confer a new jurisdiction to hear claims for the taking of a fee or for the appropriation of a continuous and permanent easement by the State The injury to this claimant was wholly of the latter character He alleges that the State in 1866, "for the purposes of canal navigation, rebuilt the dam at Oswego Falls on the Oswego river and canal; that by reason of such rebuilding the waters of said Ox creek were set back upon the lands of claimant and the said stream became sluggish and the current

---

[*]*Ante* 246.

almost wholly destroyed; that the channel of said stream became filled with growing flags and grass and by the accumlation of earth and other material whereby the waters thereof do not pass off but remain the entire year on said lands, rendering them valuless for any purpose whatever, and destroyed the timber thereon; that the damage to said claimant by reason of the acts and facts stated is from one hundred and fifty to two hundred dollars per acre." The dam referred to was a permanent structure necessary for the canal navigation and its effect in setting back the water was so evidently permanent and lasting as to show that if the State did not formally take a fee it at least took a continuous and lasting easement which was almost in its consequences equivalent to an entire appropriation of the land. There was neither assertion of negligence, nor proof or offer to prove the same, and so the claim was not provable under the act of 1870, because already provided for under the act of 1830 (Chap. 293), or the amendatory act of 1866 (Chap. 836). Whatever doubt there may be as to the character and scope of the limitation in the act of 1830, there is none as to that in the amendment of 1866. The claim was required to be presented in one year. The only question here is whether the claim was for a permanent appropriation of the appellant's lands to the use of the State. He himself so declares. He alleges a permanent easement taken by the State for the use of the canals, and corresponding damages. He therefore had a remedy before the act of 1870, and not under that act.

The award should be affirmed.

All concur.

Award affirmed.