THE BURT OLNEY CANNING COMPANY, Appellant, *v.*
THE STATE OF NEW YORK, Respondent.

Court of Claims — barge canal — claim for flooding of lands
by water set back by insufficient culvert carrying barge canal
over stream — statutes (L. 1830, ch. 293; L. 1866, ch. 836, § 5)
limiting time of serving notice of such claim have no applica-
tion thereto since enactment of act of 1870 (L. 1870, ch. 321) —
damages — when actual damages may be awarded — when
nominal damages.

1. The statutes (L. 1830, ch. 293; L. 1866, ch. 836, § 5) prescribing
a limitation of one year for the filing of claims for damages resulting
from the erection of a dam or from any permanent appropriations
partial or complete for the canals of the state have no relation to
injuries which are merely occasional and temporary.   For such injuries
there was no remedy against the state until the act of 1870 (L. 1870,
ch. 321) which fixed a different limitation.   (Code Civ. Pro. § 264.)

2. An aqueduct erected to carry a canal and its waters over a
stream is neither a dam nor an appropriation, in any form, of an estate
or interest in land.   It was not built with the design of setting back or
impounding the waters of the stream but with the design that the
waters of the stream should pass thereunder, through culverts or
openings made for that purpose.   Where such culverts, or openings,
are insufficient in the high waters of spring and autumn to give
passage to the waters of the stream so that the waters are thrown
back and made to flood the neighboring lands, the claim of a land-
owner, for the damages caused thereby, is not for a direct appro-
priation, such as a dam, but for consequential injuries, discontinuous
and irregular, resulting from the defendant's negligence, and a new
claim arises as successive injuries are suffered.

3. The fact that lands adjacent to such aqueduct have been flooded
on several occasions previous to the inundation for which damages
are sought herein does not establish or create for the state the right
by prescription to flood the lands.   Occasional accident is not equiva-
lent to a continuous claim of right; there must be such an element of
permanence in the use of the privilege as to distinguish it from enjoy-
ment that is merely fitful and irregular.   Enjoyment of the contested
right on four or five occasions in sixty years would not satisfy this
test.

4. The fact that intervening structures co-operated with the aque-
duct as causes of the damage to claimant's property does not preclude

recovery from the state for the damage to be apportioned to the aqueduct if apportionment is possible. Even though there be no possibility of apportionment, either accurate or approximate, the right to nominal damages remains. (*Ely* v. *State of New York,* 199 N. Y. 213, distinguished.)

*Burt Olney Canning Co.* v. *State,* 188 App. Div. 940, reversed.

(Argued February 2, 1921; decided March 1, 1921.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered June 4, 1919, which unanimously affirmed a judgment of the Court of Claims dismissing the plaintiff's claim.

The facts, so far as material, are stated in the opinion.

*Johnson D. McMahon* for appellant. The state having obstructed the waters of Oneida creek by the construction of its canal embankment and leaving a culvert through the embankment insufficient in size to carry the waters of the creek, not only in times of flood that might reasonably have been anticipated, but under ordinary conditions of the stream in the spring and fall, it is liable for the damage caused by the stream's overflow. (L. 1870, ch. 321; *Bogart* v. *Delaware, L. & W. R. R. Co.,* 72 Hun, 412; *Mundy* v. *N. Y., L. E. & W. R. R. Co.,* 75 Hun, 479; *Van Duzer* v. *Elmira C. R. R. Co.,* 75 Hun, 487; *Higgins* v. *N. Y., L. E. & W. R. R. Co.,* 78 Hun, 567; *Rochester W. L. Co.* v. *Rochester,* 3 N. Y. 463; *Brown* v. *Cayuga & S. R. Co.,* 12 N. Y. 486; *Bellinger* v. *N. Y. C. R. R. Co.,* 23 N. Y. 42; *Plate* v. *N. Y. C. & H. R. R. R. Co.,* 37 N. Y. 471; *Mark* v. *State,* 97 N. Y. 573; *Heacock* v. *State,* 105 N. Y. 246; *Reed* v. *State,* 108 N. Y. 407; *Greeley* v. *State,* 94 App. Div. 605; *Wilson* v. *N. Y. Contracting Co.,* 129 App. Div. 125; *New England B. Co.* v. *State,* 151 App. Div. 274; *Roberts* v. *Glens Falls,* 166 App. Div. 464.) The state acquired no right by prescription to the property of the claimant or the right to overflow its lands and damage the property in its factory by

holding back and damming the waters of the Oneida creek because the obstruction caused by the canal embankment and the inadequacy of the state's culvert or opening for the passage of the waters of the creek had existed for over twenty years. (3 Kent's Comm. 441, 442, 444; Willard on Real Estate, 348–350; Gerard on Titles, 653; *Heacock* v. *State*, 105 N. Y. 246.)

*Charles D. Newton, Attorney-General* (*B. F. Sturgis* of counsel), for respondent. Claimant's claim when filed was barred by the Statute of Limitations and was properly dismissed for that reason. (*Marks* v. *State*, 97 N. Y. 572; *Stewart* v. *State*, 105 N. Y. 254; *Benedict* v. *State*, 120 N. Y. 231; *Ely* v. *State*, 199 N. Y. 213.) Not only was claimant's claim barred by the Statute of Limitations, but the state had acquired the right by prescription to flood the lands in question to the extent that the same are complained of. (*Hammond* v. *Zehner*, 21 N. Y. 119; *Eckerson* v. *Crippen*, 110 N. Y. 585; *Hall* v. *Augsbury*, 46 N. Y. 622; *Hall* v. *State*, 72 App. Div. 360; *Hall* v. *State*, 92 App. Div. 96.) Both the record and the law negative the possibility of a judgment in the claimant's favor in this case. (*Searles* v. *Manhattan Ry. Co.*, 101 N. Y. 661; *Ruppert* v. *B. H. R. R. Co.*, 154 N. Y. 90; *Ruback* v. *McCleary*, 220 N. Y. 188; *O'Donnell* v. *City of Syracuse*, 184 N. Y. 1.)

CARDOZO, J. The claimant sues the state for the flooding of its lands.

In 1840 an aqueduct forming part of the Erie canal was built by the state across Oneida creek two and a half miles from the lands which since 1898 have been occupied by the claimant's factory. In the aqueduct, is a culvert with two openings, having a total capacity of 532 square feet, designed as a passage for the waters of the creek. Two bridges and an embankment span the creek at intervals between the aqueduct and the factory,

23

but their openings are larger. The culvert in the aqueduct is insufficient in the high waters of spring and autumn to give passage to the waters, which are thereby thrown back, and made to flood the neighboring lands. On December 15, 1901, there was a flood of extraordinary severity. The findings state that since the construction of the aqueduct in 1840 floods equally high had occurred " on many occasions." That statement is so indefinite that, in order to be significant, it must be supplemented by the evidence; and the evidence discloses only four or five instances of equal floods in the space of sixty years. So far as the record tells us, the usual floods of spring and autumn did not reach the claimant's lands. The flood of December 15, 1901, did reach them, and inundated the factory with damage to the contents. The Court of Claims ruled that a claim filed on December 5, 1903, was barred by limitation (L. 1830, ch. 293; L. 1866, ch. 836).

We think the ruling rests on a misconception of the statutes. The acts of 1830 and 1866 (L. 1830, ch. 293; L. 1866, ch. 836, sec. 5) prescribe a limitation of one year for damages resulting from the erection of a dam or from any permanent appropriation, partial or complete. They have no relation to injuries which are merely occasional and temporary (*Heacock & Berry* v. *State of N. Y.*, 105 N. Y. 246; *Stewart* v. *State of N. Y.*, 105 N. Y. 254). For such injuries there was no remedy against the state until the act of 1870 (L. 1870, ch. 321; *Heacock & Berry* v. *State of N. Y.*, *supra*), which fixed a different limitation (*Cf.* Code Civ. Pro. sec. 264). This aqueduct was neither a dam nor an appropriation in any form of an estate or interest in land. The state did not so intend it. The landowners who viewed it had no warning in its construction of a proposed invasion of their easements. It was not built with the design of setting back or impounding the waters of the stream. It was built with the design that the waters of the stream should pass. If it has failed of the desired effect, the failure has been

only occasional and partial. Such temporary and irregular obstructions, the results of negligence or accident, are not dams either as commonly understood or within the meaning of the statute. For like reasons they do not result, irrespective of prescription, in the appropriation of an estate or title. We so held in *Heacock & Berry* v. *State* (105 N. Y. 246). Nothing to the contrary was decided in *Ely* v. *State of N. Y.* (199 N. Y. 213) where the dam was built as such and intended to be permanent. The claim of this landowner is not for a direct appropriation, but for consequential injuries, discontinuous and irregular, resulting from the defendant's negligence (*Sipple* v. *State of N. Y.*, 99 N. Y. 284; *Reed* v. *State of N. Y.*, 108 N. Y. 407, 414; *Bellinger* v. *N. Y. C. R. R. Co.*, 23 N. Y. 42). A new claim arises as successive injuries are suffered (*Ohio & M. R. Co.* v. *Thillman*, 143 Ill. 127; *Del. & Raritan Canal Co.* v. *Lee*, 22 N. J. L. 243, 251).

The state makes the point that a right to flood the lands has been acquired by prescription. Prescription involves a user that is hostile and continuous (3 Kent Comm. 441). We cannot say upon this record that those conditions have been satisfied. Occasional accident is not equivalent to a continuous claim of right. It is not, indeed, required, in order to make out the necessary continuity with the resulting inference of hostility, that there shall be user every day or even every month (*Gilford* v. *Winnipiseogee Lake Co.*, 52 N. H. 262, 266). Enjoyment may be in some degree proportioned to the character and necessities of the privilege enjoyed (*Hollins* v. *Verney*, L. R. 13 Q. B. D. 304; *Hesperia Land & Water Co.* v. *Rogus*, 83 Cal. 10). None the less, there must be in it such an element of permanence as to distinguish it from enjoyment that is merely fitful and irregular (*Gilford* v. *Winnipiseogee Lake Co.*, *supra*). "The acts of user though not required to be unintermittent, must be of such a nature and of such frequency as to give notice to the landowner that the right is being claimed against him "

(*Gilford* v. *Winnipiseogee Lake Co.*, *supra*). Enjoyment of the contested right on four or five occasions in sixty years would not satisfy this test. We do not need, however, to scrutinize the record in the effort to determine whether a finding of title by prescription, if made, would be supported. No such finding has been made, and the opinion of the trial court leaves no escape from the conclusion that no such finding was intended. All that is found is the purely evidential fact, of equivocal significance, that " on many occasions " the floods were equally high. There is no finding of the ultimate facts on which a prescriptive right depends. Without these the decision fails as a determination of the issues (*Dougherty* v. *Lion Fire Ins. Co.*, 183 N. Y. 302; *Alcock* v. *Davitt*, 179 N. Y. 9). Findings, if supported by the evidence, will sometimes be implied in aid of the intention of the trial court, but never when the likelihood exists that intention will be thwarted.

Finally, the state makes the point that intervening structures co-operated with the aqueduct as causes of the damage. Even so, the state was liable for the share of the damage to be apportioned to its own structure, if apportionment was possible (*O'Donnell* v. *City of Syracuse*, 184 N. Y. 1, 8; *Chipman* v. *Palmer*, 77 N. Y. 51). Recovery would not fail altogether because the division of the consequences might be uncertain and approximate (*Carhart* v. *State of New York*, 115 App. Div. 1, 5, 6). The law is generous in the license that it accords to the triers of the facts when seeking to segregate the damages (*Carhart* v. *State of N. Y.*, *supra; Barnes* v. *Midland R. R. Terminal Co.*, 218 N. Y. 91, 101). There was no attempt at segregation here. The trial court put its ruling on the single ground that the claim was barred by limitation. Even though there was no possibility of apportionment, either accurate or approximate, the right to nominal damages remained. That right, however, was denied, and judgment of dismissal rendered. With even nominal

damages withheld, the issue of apportionment unde-
termined, and the cause disposed of on another theory,
a new trial becomes necessary that justice may be done
(*Callanan* v. *Keenan*, 224 N. Y. 503, 509; *Thomson-
Houston El. Co. of N. Y.* v. *Durant Land Improvement
Co.*, 144 N. Y. 34, 49).

The judgment of the Appellate Division and that of the
Court of Claims should be reversed, and a new trial
granted, with costs to abide the event.

HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE and
ANDREWS, JJ., concur; HOGAN, J., takes no part.

Judgments reversed, etc.