NIEMAN-IRVING & COMPANY, INC., Respondent, *v.* JOHN R. LAZENBY, Appellant, and WILLIAM A. DELANO et al., Copartners under the Firm Name of DELANO & ALDRICH, Respondents.

(Argued October 19, 1933; decided November 21, 1933.)

*George H. Engelhard* and *Hanns P. Kniepcamp* for appellant. The failure of the trial court to make specific findings as to the items of work which it found defective or as to the cost of repairing them deprived the Appellate Division of any foundation upon which it could determine whether the plaintiff had performed substantially. Its affirmance of the finding of substantial performance must, therefore, be reversed and a new trial ordered so that proper findings on that subject may be made. (*Kavanaugh* v. *Commonwealth Trust Co.*, 223 N. Y. 103; *Olney Canning Co.* v. *State*, 230 N. Y. 351; *Spence* v. *Ham*, 163 N. Y. 220; *Villhauer* v. *Gros*, 138 App. Div. 10.) On the basis of substantial performance, the judgment cannot be sustained because there is no proof upon which the allowance to appellant for the short-comings in the architects' performance could be estimated. (*Jacob & Youngs* v. *Kent*, 230 N. Y. 239; *Schieven* v. *Emerick*, 220 App. Div. 468; *Woodward* v. *Fuller*, 80 N. Y. 312; *Van Clief* v. *Van Vechten*, 130 N. Y. 571; *Spence* v. *Ham*, 163 N. Y. 220.)

*Louis Selzer* and *Henry J. Lucke* for plaintiff, respondent. The appellant did not ask for findings as to the cost of repairing alleged defective work and is, therefore, in no position to complain of the failure to make such findings. (*Crouch* v. *Moll*, 55 Hun, 603.)

*Edward C. McLean* for defendants, respondents. There is evidence to sustain the finding of substantial performance on the part of the architects. (*Petersen* v. *Rawson*, 34 N. Y. 370; *Hubert* v. *Aitken*, 2 N. Y. Supp. 711; 123 N. Y. 655; *Gilman* v. *Stevens*, 54 How. Pr. 197: *Jacob & Youngs, Inc.*, v. *Kent*, 230 N. Y. 239.)

LEHMAN, J. The plaintiff agreed to perform the work and furnish the materials required for the reconstruction of the residence of the defendant Lazenby in accordance with plans prepared by the owner's architects. The owner agreed to pay to the plaintiff the cost of the work and materials plus ten per cent. Additions and changes were authorized and directed by the defendant's architects. The plaintiff filed a lien for the unpaid balance of the amount it claimed was due to it. The lien was discharged after the owner filed security approved by the court. Then this plaintiff began this action to establish its lien.

The defendant owner denied that the plaintiff had performed its contract. He claimed that the plaintiff's work was defective in substantial respects and that some of the work performed by the contractor had not been authorized by the owner. The trial justice found that " the total cost to the plaintiff of the labor and materials employed and used in the performance of the contracts hereinabove set forth was $13,477.87." This was the exact amount claimed by the plaintiff. The trial justice nevertheless did not allow a recovery to the plaintiff for the full amount claimed. There was a deduction of $2,500 from that amount claimed. There is a finding that the work and materials required were " at least substantially performed and used upon the building," but there are no findings which establish in what respect the plaintiff failed in complete performance or the cost of making good any deficiencies. Only the statement of the trial justice after the close of the evidence explains the reason for the deduction of $2,500: " Believing the defendant to be entitled to a reduction in the amount charged, in order that defective work may be repaired, in order that allowance may be made for work not ordered and for extras done not only without his knowledge but against his desire, an allowance of $2,500 is made to defendant." How this allowance was arrived at and how it should be apportioned nowhere appears.

A judgment cannot stand without findings which sustain the conclusions of law. A litigant is entitled to findings upon the issues of fact on which an asserted right depends. "Without these the decision fails as a determination of the issues." (*Burt Olney Canning Co. v. State*, 230 N. Y. 351, 356.) The plaintiff's recovery is not based upon any finding of complete performance. The rule that recovery under a contract can be had only upon proof of performance has been relaxed in actions upon building contracts. It has not been abrogated. Though there be defects or omissions in the complete performance of the contractor's stipulated obligation, there may be a recovery upon proof of substantial performance where the omissions and defects are trivial and innocent and can be atoned for by the allowance of the resultant change. (*Jacob & Youngs* v. *Kent*, 230 N. Y. 239; *Spence* v. *Ham*, 163 N. Y. 220.) The contract price is the stipulated reward for a stipulated benefit. A contractor is not entitled to compensation from an owner even for improvements which benefit the owner unless that is the benefit for which an owner agreed to pay. There may be adjustment where the contractor shows that the variance is unimportant and innocent and can be remedied or atoned for. There can be no adjustment based upon the conjecture of judge or jury that a payment to the contractor of a sum substantially less than the stipulated price for stipulated work will be fair compensation for an accession of value to the real property, though not through performance of the stipulated work. (*Steel Storage & Elevator Constr. Co.* v. *Stock*, 225 N. Y. 173.) There must be both proof and finding of the nature of the omissions and defects and the cost of making such omissions and defects good, and the findings must establish that the defects and omissions are in truth unsubstantial. (*Spence* v. *Ham, supra.*) Both proof and findings are wanting here, and judgment must, therefore, be reversed.

What we have said as to the claim of the contractor applies with even greater force to the claim of the architects. Their compensation was promised for the exercise of skill and diligence. If they failed to exercise that they are entitled to no compensation. If in the performance of their work they did in general exercise skill and diligence but through an oversight or lapse caused some damage to the owner, then in proper case the damages may be offset against the recovery.

The judgments should be reversed and a new trial granted, with costs to the appellant to abide the event.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgments reversed, etc.