CITY OF NEW YORK, Appellant, *v.* SKYWAY-DYCKMAN, INC., Respondent.

First Department, March 4, 1965.

*Milton H. Harris* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel*), for appellant.

*Irwin D. Schlacter* of counsel (*Joseph P. Baratta* with him on the brief; *Lauritano & Schlacter,* attorneys), for respondent.

STEUER, J.   This is a summary proceeding to evict a tenant for breach of a material covenant in the lease.   The landlord, City of New York, in 1958, leased certain unimproved land located at Tenth Avenue and 201st Street and fronting on Sherman Creek, together with the use of the waters in the vicinity of the leased premises.   The tenant was obligated to build a gas station and parking area, and a marina including a pier and mooring facilities.   The lease provided that the " Lessee shall dredge, as required, for the construction of the pier and for the operation of this marina."

The pier was built, but no dredging was done.   The proof shows that at all times except at high tide the surface of the land beneath the waters in the vicinity of the pier is visible and boats cannot approach the pier and tie up at it.   Consequently, except during high tide the pier is not available to boats and no marina exists.   On these facts the landlord contends that there has been a material breach of the lease.

The tenant's first contention is that the lease is ambiguous and should be construed against the landlord who drew it. The law is as contended (*Evelyn Bldg. Corp.* v. *City of New York*, 257 N. Y. 501) but we find no ambiguity. The lease contains an amplification of the clause quoted above which reads: "Lessee at its own cost and expense shall do such dredging from time to time during the term hereby created as shall be necessary in order to maintain a depth of water adjacent to the demised premises sufficient to operate the marina."

Tenant respondent's second contention, which was adopted by the trial court, was that there had been substantial compliance with the terms of the lease. This is based on the fact that the lease provides for certain minimum expenditures in the preparation of the site and erection of structures, and the tenant spent more than these sums. Also it is claimed that dredging is only one of many operations called for and the others were all performed in accordance with the lease.

The doctrine of substantial performance has principal application in building contracts (*Nieman-Irving & Co.* v. *Lazenby*, 263 N. Y. 91, 94). It is that where there is not complete performance there can be recovery where the omission or defect is trivial and can be adjusted by making an allowance against the contract price (*Jacob & Youngs* v. *Kent*, 230 N. Y. 239). But the doctrine has no application where there has been no performance at all in regard to a material portion of the contract (6 Williston, Contracts, [3d ed.], § 842, p. 165).

As regards a lease, the situation is somewhat different. There the questions are whether there has been a breach of a covenant and, if so, whether the covenant is material. As to whether there was in fact a breach, if the covenant concerns repairs or construction a rule similar to the rule in building cases has been applied (*Ogden* v. *Hamer*, 268 App. Div. 751). But here, applying the rule would be no help to the tenant. The covenant was not performed at all. The performance of the other covenants is irrelevant on any issue of substantial performance.

The materiality of the covenant has not been questioned. Under the circumstances it would appear that there is no substantial issue on this point. This is not the usual situation where a landowner leases for profit and the covenants are designed to insure collection of the rent and preservation of the property. Here the main purpose of the city was not to utilize the land for its gain but rather to make available certain specified services to the public. Rather than provide the services itself, the city elected to do it through the medium of renting the land to one who was required by the lease to provide them.

The covenants of the lease are designed to this end. Among the services was the providing of certain facilities to people using small boats. Failure to comply with the covenant in question resulted in a failure to have these services available. Obviously it affected one of the purposes of the lease and, hence, was indubitably material.

Lastly, no question of waiver was at any time raised in the case. So the lapse of time, both from the time when the dredging should have been done and the initiation of proceedings and the protraction of the latter, is not considered.

The determination of the Civil Court (then Municipal Court) and the Appellate Term should be reversed and the petition granted without costs.

BOTEIN, P. J., BREITEL, EAGER and STALEY, JJ., concur.

Determination of the Appellate Term and final order of the Municipal Court unanimously reversed on the law and on the facts, and the petition granted, without costs and without disbursements.