NEW YORK,
May, 1825.

Bradt
v.
Koon.

28 chains and 50 links; that he believed, from repeated conversations with the defendant, that he fully understood where the sale was to be; that the proceedings were in good faith. Hooker had sued the sheriff of Oswego, Otis Hart, for the penalty given by the statute (1 R. L. 505, s. 13) for selling real estate without duly advertising it.

Several affidavits were read on the part of Hooker to rebut the allegation of good faith.

It appeared that the plaintiff, Wright, bid off the farm by his agent; no money was paid but the amount bid was endorsed as received by the sheriff on the *fi. fa.* and a return made accordingly.

On personal notice of the motion served on the defendant and on the plaintiffs' attorney,

*J. Platt*, in behalf of the deputy, moved to vacate the sale, certificate, receipt and return upon the *fi. fa.*

*G. C. Bronson*, contra.

*The Court*, being satisfied that the proceedings were in good faith, granted the motion, on payment of all the costs of opposing this motion, and the costs in the action brought against the sheriff.

Rule accordingly.

---

BRADT *against* KOON.

LAWRENCE *against* BRADT.

An attorney obtains judgment for costs in favor of A. against B. the latter has no right to set off a judgment purchased by him against A. after the judgment obtained in A.'s favor, so as to defeat the attorney's lien.

The court will protect the attorney's lien to the same extent as the rights of an assignee.

IN the first cause, Bradt had recovered in this Court $70. In the second cause, Lawrence had recovered $53 81 in the Mayor's Court of the city of Albany, which was assigned to Koon; and now,

*J. Koon*, moved to set off $53 81, the last judgment against so much of the first, and cited *Schermerhorn* v. *Schermer-*

*horn*, (3 Caines' Rep. 190;) *Hall* v. *Odie*, (2 B. & P. 28;) *Cooper* v. *Bigelow*, (1 Cowen's Rep. 206;) and *Chamber-'in* v. *Day*, (3 Cowen's Rep. 353.)

Affidavits were read in opposition to the motion, showing that the judgment against Koon was obtained upon a stipulation to pay certain costs in a cause brought by Bradt against Koon, wherein Mr. J. T. B. Van Vechten was attorney for Bradt; and these costs were due and unpaid to Mr. Van Vechten; that this was known to Koon when he took an assignment of Lawrence's judgment. Upon these facts,

*J. T. B. Van Vechten*, submitted that the beneficial interest in the whole judgment was in him, and that Bradt was a mere trustee for his benefit; that his equity was like that of an assignee, whose rights Koon perfectly understood. That an attorney has a lien upon the costs nominally due to his client, but really to the attorney, which lien the Court will protect to the same extent as if the right was acquired by assignment, he cited *Martin* v. *Hawks*, (15 John. Rep. 405.) And, on the authority of that case,

*The Court* said the motion must be denied.

Motion denied.

---

## Ex parte LAWRENCE.

TOLL obtained judgment against Chandler, and bid off Chandler's land in Camillus, Onondaga county, on a *fi. fa.* at $30, May 8th, 1823. Drake having a junior judgment for 82 55 against Chandler and one Hopping, assigned it to Lawrence, who sued out a *fi. fa.* on which the sheriff made 43 dollars by a sale of Chandler's personal property; and then levied on Hopping's personal property to an amount sufficient to satisfy the *fi. fa.* and took a receipt for it. The sale of Hopping's property was delayed from time to time, by Lawrence's directions, till, in August, 1824, Lawrence claimed of the sheriff to redeem, as a judgment creditor of Chandler, the land sold, upon the senior judgment, to Toll; but the sheriff denied his right to redeem, and would not

*A levy on personal property sufficient to satisfy a fi. fa. is an extinguishment of the judgment on which it issued. The judgment, therefore ceases to be a lien on real estate, and the judgment creditor has no right, as such, to redeem under the act (sess. 43, ch. 184, s. 3.)*