(1 N. Y. Ann. Cas. 192.)

### WINTERSON v. HITCHINGS.

(Common Pleas of New York City and County, Special Term. January, 1895.)

Set-Off of Judgment—When Allowable—Attorney's Lien.
    Against a judgment for costs, assigned by the judgment plaintiff to his attorney in payment for services, the judgment defendant cannot set off a judgment in another action against such judgment plaintiff, assigned to such defendant.

Action by Maria L. Winterson against Hector M. Hitchings, in which there was a judgment in favor of plaintiff for certain costs. Defendant moves to set off such judgment against a judgment against plaintiff rendered in another action, and assigned to defendant.    Motion denied.

Hector M. Hitchings, for the motion.
E. F. & E. G. Bullard, opposed.

BISCHOFF, J.    Defendant is the assignee of a judgment against the plaintiff, which was recovered in the city court of New York. After the recovery and assignment of the judgment this action was instituted, and therein the plaintiff recovered the costs of the defendant's demurrer and appeal.    Defendant now asks that the costs be

set off against the judgment of the city court, and the plaintiff objects because she has assigned the costs to her attorney of record, and because he has a lien thereon for his services in this action.

The motion should not be granted. Unquestionably, judgments between the same parties, though had in different courts, may be set off against each other. Brewerton v. Harris, 1 Johns. 145; Cooke v. Smith, 7 Hill, 186; Simson v. Hart, 1 Johns. 91; Id., 14 Johns. 75; Schermerhorn v. Schermerhorn, 3 Caines, 190; Ewen v. Terry, 8 Cow. 126; Kimball v. Munger, 2 Hill, 364. So a set-off may be directed in favor of the assignee of a judgment. Chamberlain v. Day, 3 Cow. 353; People v. New York Common Pleas, 13 Wend. 649; Turner v. Satterlee, 7 Cow. 480. But a motion for set-off is addressed to the discretion of the court (Alexander v. Durkee, 112 N. Y. 655, 19 N. E. 514), and should not be allowed if the equities of third persons intervene. Costs primarily belong to the party, but the attorney has a lien thereon for his services. To that extent the attorney is an equitable assignee of the costs awarded. Where the several awards asked to be set off against each other were made in the same action, the equities of the parties are superior to those of the attorney, and a set-off may be ordered; the attorney's lien in such a case attaching only to the balance remaining in his client's favor. Smith v. Chenoweth, 14 Daly, 166; Dunkin v. Vandenbergh, 1 Paige, 622. Where, however, the awards were made in different actions, the attorney's lien has the superior equity, and a set-off between the parties should not be allowed to defeat it. Zogbaum v. Parker, 55 N. Y. 120; Dunkin v. Vandenbergh, 1 Paige, 622. Again, a party may assign prospective costs to his attorney for the latter's compensation for services to be performed in the action; and where such a transfer has been made, and the costs are awarded, the claim of the attorney should not be defeated by setting off against the costs a prior judgment recovered in another action and in favor of the party from whom the costs are due. Perry v. Chester, 53 N. Y. 240; Bradt v. Koon, 4 Cow. 416.

Since the award in this action was wholly for costs, it operated, without anything more, as notice of the attorney's lien (Marshall v. Meech, 51 N. Y. 141); but, if express notice is requisite for the protection of the lien, the plaintiff's objections upon this motion are adequate in that behalf.

The motion is denied, with $10 costs.