MATTHEW J. DUNN and Another, Respondents, v. JOHN BLEECK and Others, Appellants.— Matthew J. Dunn and John Bleeck were partners in the restaurant and summer resort business at Saratoga, operating two places known as Riley's and Newman's. For the purposes of the business two corporations were formed, one Riley's Lake House, Inc., and the other Newman's Lake House, Inc., the plaintiff Dunn and his wife owning half of the stock in each corporation and the defendant Bleeck owning the other half. Dunn became indebted to Bleeck in a substantial sum, and these partners entered into a written contract in March, 1931, according to which the Dunns transferred their capital stock to Bleeck, in " extinguishment " of Dunn's debt, reserving to Dunn the right to repurchase a half interest upon the payment of the amount of the debt; Dunn was to continue manager of one of the places, and receive one-half of the profits, with one-half of this share to be applied upon the purchase price; and it also further provided that Bleeck should have " full and absolute title and ownership " of the stock certificates, and the right " to the sale of the property owned by the corporations " upon such terms and conditions as he should determine. About six months thereafter Riley's was damaged by fire to the extent of about $76,000; which was covered by insurance. The remaining part of Riley's was sold by Bleeck, and the proceeds divided between the partners. Bleeck then took the usual steps to collect under the insurance policies. There was a chattel mortgage on the personal property, in violation of the insurance covering the personalty. The insurance companies undertook to examine Bleeck under oath, pursuant to the terms of the policies, and interrogated him relative to the chattel mortgage, and a supposed use of the premises for illegal purposes in gambling and the sale of liquor. Bleeck, upon the advice of his counsel, declined to answer these questions. The insurance companies refused to pay, and Bleeck and Riley's Lake House, Inc., brought actions to recover the loss. In these actions the

insurance companies answered by setting up defenses that the building was used as a gambling resort, that the personal property was incumbered by a chattel mortgage, that the defendants therein refused to answer pertinent facts when examined under the terms of the policies, that the illegal use of the premises was concealed in the proofs of loss and by false swearing. Thereafter Bleeck, holding all of the stock of the corporation under the above contract, compromised the fire loss at the sum of $59,000, without consultation with or the consent of Dunn. The present action was brought to adjudicate the rights of the parties under the contract, for an accounting, and for the appointment of a receiver. On the trial the court held that the assignment of the stock of the two corporations was a pledge, and not an absolute sale, and decreed an accounting. All the parties stipulated on the trial for the use of all of the previous evidence on the accounting; that the two corporations were mere instrumentalities for carrying on the partnership business; that the court should determine all of the rights between the parties; and that the pleadings should be amended accordingly. The Trial Term held that the defendant Bleeck was not authorized to compromise the insurance claim, and charged his account with the full amount of the loss, viz., $76,323.15, less the cost of collection, and held that the plaintiff Dunn was entitled to one-half thereof. The court also allowed as the cost of collection thirteen per cent of the amount of the insurance claim, and not of the amount actually collected. A receiver was appointed to wind up the affairs of the partnership. The judgment is modified by adjudging that the defendant Bleeck was authorized upon the facts here to compromise the claim, and that he is chargeable only with the amount actually collected; that the expenses of the collection should be thirteen per cent of $59,000, the amount actually collected; the judgment is also modified by directing that costs of the trial and appeal be payable to both parties by the receiver out of the fund if and when there is sufficient money to pay the same, and as so modified the judgment appealed from is affirmed. Hill, P. J., McNamee and Bliss, JJ., concur; Crapser and Heffernan, JJ., vote to modify the judgment by adjudging that defendant Bleeck was authorized to compromise the claim, that he is chargeable only with the amount collected and that the expense of collection should be thirteen per cent of the sum actually realized and as so modified vote to affirm the judgment, without costs. The court hereby reverses findings of fact 4, 5 and 6 contained in the judgment. The court hereby reverses the findings of fact contained in the decision, namely, 40, 41, 43, 48, 54, 55, 56, 57 and 79. The court hereby makes the following new findings of fact: That the accounts between the plaintiff Matthew J. Dunn and the defendant John Bleeck are hereby stated and found to be as follows: The plaintiff Matthew J. Dunn is charged with the principal indebtedness secured by the instrument of March 31, 1931, amounting to $24,405.20; interest, $3,701.44; loan, $386.07; interest thereon, $55.98; one-half of indebtedness to Newman's Lake House, Inc., $823.83; one-half of amount owing to John Bleeck by the two defendant corporations, $1,234.12. Plaintiff Matthew J. Dunn is credited with one-half repairs to Newman's Lake House, Inc., $1,206.86; one-half the insurance claim less collection expenses, $25,665. Defendant John W. Bleeck is charged with the amount of the insurance claim in the sum of $59,000; one-half repairs to Newman's Lake House, Inc., $1,206.86; Defendant John W. Bleeck is credited with the indebtedness of Dunn to Bleeck in the sum of $30,606.64; with the costs

incurred in connection with said insurance claim, $7,670; with one-half the amount of the insurance claims less expense of collection, $25,665. Balance due in favor of defendant John Bleeck and against plaintiff Matthew J. Dunn the sum of $3,734.78.