Matthew J. Dunn and Another, Respondents, Appellants, *v.* John Bleeck, Appellant, Respondent, Impleaded with Riley's Lake House, Inc., and Another, Defendants.

Schwarte, Slade, Harrington & Goldsmith, Attorney-Lienors, Respondents, Appellants.

Third Department, March 13, 1936.

*W. Russell Osborn* [*C. Murray Kavanagh* of counsel], for the defendant, appellant, respondent, John Bleeck.

*Schwarte, Slade, Harrington & Goldsmith* [*John A. Slade* of counsel], for the plaintiffs, respondents, appellants, and for themselves as lienors.

*Leary & Fullerton,* for the judgment creditor, J. Raymond Quinn, as assignee.

*Carleton J. King,* receiver in above-entitled proceeding.

McNamee, J. The plaintiff Dunn and the defendant Bleeck were partners engaged in the hotel business; and for the purpose of carrying on the partnership two corporations were formed, with an aggregate capital stock of 500 shares. Of these shares Bleeck

owned 250, Dunn 248, and Dunn's wife 2. Dunn became indebted to Bleeck, and a lawsuit resulted, to which Mrs. Dunn was made a party. On the trial it was stipulated that the court should treat the parties as partners, adjust all rights and liabilities, make provision for winding up their affairs; and that the pleadings be amended accordingly.

At that time one of the corporations, Newman's Lake House, Inc., had not been dissolved, nor its property liquidated. An interlocutory judgment (denominated a judgment) was entered, in which it was adjudged, after appeal to the Appellate Division and modification thereof (244 App. Div. 840–842), that the plaintiff Dunn was indebted to the defendant Bleeck in the sum of $3,734.78; a receiver was appointed to wind up the affairs of the parties; and provision was made for further application to the court at the close of the receivership.

Subsequently the attorneys for the plaintiffs obtained an order fixing the value of their services at the sum of $7,653.50.

The receiver now brings this proceeding to settle his accounts, and to distribute the balance of the partnership funds in his hands. The order appealed from is, in fact, a final judgment settling the receiver's accounts, and of distribution, although in the record called an order. The receiver now has on hand $14,489.21 after the payment of creditors of the partnership, and expenses. Of this sum one-half was directed to be paid to Bleeck as his share as a partner. This left the sum of $7,244.60. The attorneys for the plaintiffs contend that they are entitled to the full payment of their lien out of this remaining fund. The defendant Bleeck contends that he is entitled to priority, and that the full amount found due to him as a partner, by the interlocutory judgment, should be paid in full.

The Special Term went behind the interlocutory judgment, entered upon the order of this court, and found that the defendant Bleeck was entitled as a partner to a lesser sum than that mentioned in the interlocutory judgment, and that Mrs. Dunn had an undetermined interest in the fund, and directed that the sum of $2,441.64 be paid to Bleeck, and the balance to the attorneys for the plaintiffs in satisfaction, *pro tanto*, of their lien. Mrs. Dunn's interest in the partnership fund was not of such a character as to change its nature, or to prevent its equitable distribution in the settlement of the partnership affairs. It appears that she was a mere nominal holder of two shares of the corporate stock, for the convenience of the partnership in its corporate transactions; also she was a party to the action and entered into the stipulation. And she has taken no steps to have her interest, if any in fact, determined.

Only one interlocutory judgment has been entered in this action, and that determined the rights of the parties, subject to their respective interests in the property which had not yet been liquidated, viz., the property of Newman's Lake House, Inc. But the attorneys for the plaintiffs are disposed to treat this judgment as though it were one obtained in another action. It was in fact entered in the same action in which they earned the moneys for which they are asserting a lien, and in which the receiver is now accounting. In that action their clients had been defeated to the extent of the amount found due to Bleeck from Dunn, viz., $3,734.78; and accordingly, there was no cause of action, judgment or final order in their client's favor to which their lien could attach. (Judiciary Law, § 475.)

There was only one partnership, and as long as Bleeck had a balance due him from the partnership funds, there could be no division and Dunn could recover nothing; and only to the extent that Dunn has something coming to him could his attorneys have a lien. Of course, there can be no set-off of a judgment obtained in another action that will defeat an attorney's lien. But where there are awards against different parties to be set off against each other, *in the same action*, the lien of the attorney is subordinate to the rights of adverse parties. These principles are amply supported by authority. (*Beecher* v. *Vogt Mfg. Co.*, 227 N. Y. 468; *Winterson* v. *Hitchings*, 38 N. Y. Supp. 171; *Hopper* v. *Ersler*, Id. 176; *Fromme* v. *Gray*, 17 Misc. 77.) No partner can take out of the partnership fund on a final settlement more than his share, nor escape paying a balance against him, if there are, assets assignable to him. (*Leserman* v. *Bernheimer*, 113 N. Y. 39.) Here the plaintiffs were not entitled to receive any part of the distributable funds mentioned, until that which was due the partner Bleeck had been paid in full. And the liens of the attorneys for the plaintiffs were correspondingly subordinate.

The final judgment, denominated an order, should be modified in accordance with this opinion, and as so modified affirmed, with costs to the appellant Bleeck.

HILL, P. J., and RHODES, J., concur; CRAPSER and HEFFERNAN, JJ., concur in the result, except they dissent to the allowance of costs.

Judgment modified in accordance with opinion, and as modified affirmed, with costs to the appellant Bleeck.