In the Matter of the Estate of CAROLINE W. FRAME, Deceased.

Surrogate's Court, New York County, December 8, 1936.

*Wickes, Neilson & Riddell* [*Nathan F. George* of counsel], petitioners.

*Jonathan Holden* [*Edward J. Wren* of counsel], respondent in person.

FOLEY, S. The petitioning attorneys seek to have their compensation fixed and payment directed out of the fund now payable to the assignee of their former client, Pemberton Frame. They invoked alternative forms of relief (1) under section 231-a of the Surrogate's Court Act and (2) for a determination as to the amount of their lien for services under section 475 of the Judiciary Law.

The estate from the year 1925 had been subjected to complicated and protracted litigation. The petitioners represented Pemberton Frame in the contested proceedings up to the year 1929. In March and April of that year, he assigned the entire balance of his interest in the estate by two assignments duly recorded in this court. Thereafter, his assignees assigned their interest in his share of the estate to the present assignee, Jonathan Holden, who is the respondent in the pending proceeding.

It is conceded that for services rendered prior to the time of the assignments and for certain additional services, which were rendered after those dates and up to March 1, 1933, compensation was awarded in full by an order made in this court.

Compensation is now sought for services rendered from March 1, 1933, to June 16, 1936. The petitioning attorneys during that period participated in a reference involving the judicial settlement of the accounts of the executors and trustees of the estate, proceedings for the confirmation of the report before the surrogate, the preparation of briefs and other work in the appeal to the Appellate Division, First Department, and negotiations which led to the final compromise and distribution of the estate.

The attorneys represented during this period Mrs. Dorothy Frame Sterling, a sister of Pemberton Frame. No assignment of any part of her interest in the estate was made by her.

The question presented is, if there is a total assignment of an interest in an estate, may the attorneys of the assignor recover compensation out of the fund for services rendered after the date of the assignment where no specific retainer has been made by the assignee?

In the opinion of the surrogate neither the pertinent provisions of the Surrogate's Court Act nor of the Judiciary Law permits such a recovery.

(1) The provisions of section 231-a of the Surrogate's Court Act may not be extended so as to permit the imposition of a charge for the services of an attorney for one individual party to be made against the shares of other individual parties. (*Matter of Winburn*, 160 Misc. 49.) In that case I reviewed the origin and scope of the section. I pointed out that in certain exceptional cases where an attorney for one beneficiary had succeeded in restoring funds to the estate from which other beneficiaries had profited, he would be entitled to an allowance, in the exercise of the discretion of the surrogate, out of the general estate. (*Matter of Parsons*, 121 Misc. 747; affd. on opinion below, 208 App. Div. 769; *Matter of Lounsberry*, 226 id. 291.) In the *Winburn* case, following a determination of intestacy by the Court of Appeals, the petitioning attorneys for certain of the next of kin, who had led the attack upon the validity of the will, sought to obtain payment out of the shares of other next of kin whom they did not formally represent, but who, it was claimed, benefited by their efforts. The surrogate in denying the application stated the " effect of such an attempted charge here would be to impose by judicial fiat the relation of attorney and client where no contract, express or implied, nor any agreement of hiring ever existed." In the pending proceeding it appears that the assignee was represented by his own attorney throughout all

of the proceedings for which compensation is sought by the petitioners. The latter assert that their services in some way resulted in advantage to the respondent. He, however, never retained them nor recognized their right to represent him. In a letter written to them during the litigation, he expressly refused to be responsible for any of their charges or any expenses connected with their services. The assignments made by the former client of the petitioners in 1929 of his entire interest in the estate were, in effect, a formal discharge of his attorneys. Thereafter, their right to look to the fund as a source of payment for any future services was terminated. Whatever services were rendered subsequently by the petitioning attorneys were plainly rendered for the benefit of their remaining client, Mrs. Sterling, whose status as a person interested in the estate was substantially similar to that of her brother, Pemberton Frame. The protection of the rights of the assignee was left to his own attorney. It is the general and unquestioned rule in this court, as in other courts, that each individual client should pay his own attorney and that an attorney cannot make another person his debtor by voluntarily rendering services in his behalf without his express or implied assent. The application under this phase of the proceeding must, therefore, be denied.

(2) Neither is there any authority under section 475 of the Judiciary Law to fix and determine the lien of the petitioners. The relation of attorney and client never existed between the appellants and the assignee. The relationship is the foundation of the right to the lien. " An attorney can assert a lien against his client's claim, but not against the claim of another." (*Matter of City of New York* [*Fourteenth Street*], 158 App. Div. 587, at p. 590.) (*Matter of Niagara, L. & O. Power Co.*, 203 N. Y. 493; *Matter of Scheier* [*Wadick Lien*], 159 App. Div. 861; affd., 211 N. Y. 548; *Dunn* v. *Bleeck*, 246 App. Div. 382; *Matter of Heinsheimer*, 214 N. Y. 361; *Matter of Albrecht*, 132 Misc. 713; affd., 225 App. Div. 423; affd., 253 N. Y. 537.) In *Matter of Scheier* (*supra*) the facts were somewhat similar in effect to the assignment or conveyance by a beneficiary of an estate where a lien is attempted to be asserted against the assignee. In that case it was held that an attorney who represented the owner of lands in condemnation proceedings was not entitled to a lien on the award where the property was conveyed by his client prior to the time when title vested in the city, where there was no proof that he was ever employed by the grantees or rendered any services which were accepted by them after the grantor parted with title.

Of course, an attorney who has rendered services in the Surrogate's Court either for a creditor or for a legatee, next of kin or

other beneficiary, in the procurement of a recovery is entitled to be compensated and to the enforcement of his lien and these rights may not be defeated by a collusive or fraudulent assignment of his client's share of the estate. That situation is not here. No contention is made that any part of the fund has been produced by the services of the petitioners when they actually represented the client. The attorneys concede that they have been fully compensated for the services rendered prior to the assignments.

The surrogate accordingly holds that the petitioners have no right under section 475 of the Judiciary Law to enforce a recovery against the assignee, whom they never represented.

Submit order on notice denying the application accordingly.