In the Matter of the Application of ADELAID LOOMIS, Individually and as Administratrix of FRANK J. LOOMIS, Deceased, et al., for an Order Directing the Distribution of a Fund Resulting from an Award of the Court of Claims.

ANNA L. STODDARD, Individually and as Administratrix of the Estate of JUDSON W. LOOMIS, Deceased, et al., Appellants; M. ANTOINETTE LOOMIS, Individually and as Executrix of CHARLES F. LOOMIS, Deceased, Respondent.

Argued January 5, 1937; decided January 19, 1937.

*Robert W. Fisher* for appellants. It was within the right and power of the appellant Stoddard to contract in reference to the fund in its entirety, and the share of the

respondent was liable for the services performed. (*Trustees* v. *Greenough*, 105 U. S. 527; *Central Railroad & Banking Co. of Georgia* v. *Pettus*, 113 U. S. 116; *Farmers' Loan & Trust Co.* v. *Green*, 79 Fed. Rep. 222; *Lamar* v. *Hall & Wimberly*, 129 Fed. Rep. 79; *Cecil* v. *Clark*, 69 W. Va. 641; *United States* v. *Equitable Trust Co.*, 283 U. S. 738; *Woodruff* v. *N. Y., L. E. & W. R. R. Co.*, 129 N. Y. 27; *Burroughs* v. *Toxaway Co.*, 185 Fed. Rep. 435; *Terminal Freezing & Heating Co.* v. *Whitelock*, 120 Md. 408; *Savage* v. *Sherman*, 87 N. Y. 277.) The appellant Stoddard was entitled to her own expense as well as to the payment of her counsel fees. (*Trustees* v. *Greenough*, 105 U. S. 527; *Woodruff* v. *N. Y., L. E. & W. R. R. Co.*, 129 N. Y. 27; *Downing* v. *Marshall*, 37 N. Y. 380; *Matter of Attorney-General* v. *N. A. Life Ins. Co.*, 91 N. Y. 57.)

*Raymond O. Campbell* for respondent. The appellants are not entitled to succeed upon the theory of a trust, quasi-contract or any other theory. (*Matter of Holden*, 126 N. Y. 589; *Nieman-Irving & Co.* v. *Lazenby*, 263 N. Y. 91; *Savage* v. *Sherman*, 87 N. Y. 277; *Matter of Attorney-General* v. *N. A. Life Ins. Co.*, 91 N. Y. 57.)

O'BRIEN, J. In December, 1910, the State appropriated certain land in Oswego county for canal purposes. Subsequently a claim was filed with the Court of Claims for damages due to this appropriation and an award for $2,000 was made in February, 1918. A contract of retainer for legal services was executed August 16, 1932, between appellant Anna Loomis Stoddard and appellant Robert W. Fisher, an attorney, in which is recited the appropriation, the award, the fact that Mrs. Stoddard had been unable to enforce collection of the award, and the further fact that she had requested Mr. Fisher " to interest himself therein *in her behalf* and to appear and prosecute the enforcement of such claim as an attorney at law *on her behalf.*" By the terms of this contract Mrs. Stoddard represents that she is entitled to the entire

award and agrees to pay Mr. Fisher one-half of the amount collected. April 16, 1935, the Attorney-General advised the clerk of the Court of Claims that the amount of the award and judgment should be deposited in bank to the account of the award and that it should be distributed to such persons as the Supreme Court should decide were entitled to it, on the application of any person interested in it. Judgment was entered in the Court of Claims July 3, 1935, for $4,699.67. More than half this amount consists of interest.

Another contract of retainer for legal services, dated May 29, 1935, in which is recited the existence of the contract of August 16, 1932, was executed by appellant Anna Loomis Stoddard and appellant Fisher but not by respondent M. Antoinette Loomis. This contract, as drafted, provides that Mr. Fisher is to represent not only Mrs. Stoddard but also M. Antoinette Loomis and a space was left for her signature which, however, has never been filled but was left blank. Instead, respondent M. Antoinette Loomis retained other attorneys.

In a petition verified by Mr. Fisher August 17, 1935, the fact appears that on August 14, 1935, the amount of the judgment, $4,699.67, was paid to the credit of the award and deposited in the New York State National Bank at Albany. The fact also appears by this petition that Charles F. Loomis and Judson W. Loomis held title to the land appropriated, that both were then deceased, that appellant Anna Loomis Stoddard and Frank J. Loomis, who also was deceased, were the only heirs at law of Judson W. Loomis, and that " the estate of Judson W. Loomis is entitled to a one-half interest in the amount of such award and judgment." The petition also alleges that M. Antoinette Loomis is possessed of the interest of Charles F. Loomis, deceased, and she " is therefore made an *adverse party* to this proceeding." The answer of respondent M. Antoinette Loomis admits every material allegation in the petition and as an affirmative claim

alleges that as sole legatee and devisee under the will of Charles F. Loomis she claims one-half of the judgment and of the moneys deposited as an award in the New York State National Bank.

The order of October 25, 1935, by the Special Term recites that the New York State National Bank had appeared by its attorneys and " M. Antoinette Loomis, individually, and as executrix of Charles F. Loomis, deceased, having appeared by Melvin & Melvin, her attorneys, Raymond O. Campbell, of counsel, and she having filed an answer to the petition wherein she admitted all of the allegations thereof, and joined with the petitioners in the prayer for relief," and directs that from the sum of $4,715.33 on deposit one-half be paid to respondent M. Antoinette Loomis, as executrix of Charles F. Loomis, and the other half to be paid to Anna Loomis Stoddard, as administratrix *de bonis non* of the estate of Judson W. Loomis, to be administered in settlement of these estates. No appeal was taken from that order.

A petition, verified October 28, 1935, by Mr. Fisher, alleges the award for $2,000, the fact that the claim had been placed in the hands of different attorneys who, during a span of twenty-two years, had accomplished no results, and the fact of the contract of retainer, August 16, 1932, between Mr. Fisher and appellant Anna Loomis Stoddard. It then alleges that Mr. Fisher's efforts resulted in the rendition of a judgment in claimant's favor for $4,715.33 and that he has earned a fee of $2,357.67, or one-half of the whole amount awarded not only to his own client, Anna Loomis Stoddard, but also to M. Antoinette Loomis, who never retained him.

The Special Term allowed Mr. Fisher fifty per cent of the entire fund. The Appellate Division reversed that order but directed that Mr. Fisher be allowed fifty per cent only of the share of his own client, Anna Loomis Stoddard. Judgment was entered thereon.

The Special Term based its decision on *House* v. *Amsdell Brewing & Malting Co.* (133 App. Div. 486), but

that is a case where trustees for mortgage bondholders instituted an inquiry as to the parties who were entitled to receive a fund which the trustees had caused to be brought into court by a foreclosure of a mortgage. The court there held that those trustees owed a fiduciary obligation to all who might be interested in the fund. Here there was no trust fund and, of course, no trustee except, perhaps, the bank which was represented by its own counsel. Mr. Fisher was retained by only one party, this appellant Anna Loomis Stoddard, who claimed an interest. His contract of retainer recites that *she* and those under whom *she* claims had been unable to enforce collection of the award, and it provides that he is " to appear and prosecute the enforcement of such claim as an attorney at law *on her behalf,*" and he is retained as attorney only for Mrs. Stoddard. The petition even made this respondent an *adverse party*. Mr. Fisher's services were performed for an individual who claimed for herself and he comes within the rule of *Savage* v. *Sherman* (87 N. Y. 277, 285), where this court said: " The *trustees* were entitled to be allowed their reasonable expenses for rendering and passing their accounts, but the *counsel for the other parties,* who attended to protect the interests of such parties in the accounting, should look to their respective clients for their compensation, and we are not aware of any rule or principle whereby any of these parties are entitled to call upon the others to pay counsel fees which they incur *on their own behalf for the protection of their personal interests.*" This rule was approved and enforced (*Matter of Attorney-General* v. *North American L. Ins. Co.,* 91 N. Y. 57) and again even in the case of a trust in *Matter of Holden* (126 N. Y. 589, 594). No doubt Mr. Fisher's services performed for Mrs. Stoddard did benefit Mrs. Loomis. Mrs. Loomis had refused to retain him but, on the contrary, retained her own attorney after the petition had made her an *adverse party*. Every act of Mr. Fisher as attorney was necessarily per-

formed for his own client. The fact that others were benefited does not, in the absence of agreement by them, impose a liability upon them to pay. (*Nieman-Irving & Co.* v. *Lazenby,* 263 N. Y. 91; *Matter of Attorney-General* v. *North American L. Ins. Co.,* 91 N. Y. 57, 62, 65.)

The order should be affirmed, without costs.

CRANE, Ch. J., HUBBS, LOUGHRAN and RIPPEY, JJ., concur; LEHMAN and FINCH, JJ., taking no part.

Order affirmed.