In the Matter of the Judicial Settlement of the Amended Second Intermediate Account of the UNION TRUST COMPANY OF JAMESTOWN, NEW YORK, Administrator with the Will Annexed of the Estate of MARTIN MERZ, Deceased.— Decree affirmed, with costs. All concur. (The decree determines the allowance to an attorney.)   Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

MARY DE ROBERTIS, Respondent, v. PAUL DE ROBERTIS, Appellant.— Order reversed, without costs, and motion denied, without costs.   Memorandum: The order appealed from awards temporary alimony, counsel fee and expenses in an action, brought by plaintiff against her husband, to set aside a separation agreement and for a separation upon the ground of cruel and inhuman treatment. Plaintiff's first cause of action challenges the validity of the separation agreement, executed between the parties in February, 1932, upon the grounds, among others, that its provisions are unfair, inadequate and inequitable. Defendant, in his answer, alleges that plaintiff received a fair proportion of the family property which would have been adequate for her support had she not mismanaged it. These conflicting claims present a question of fact as to the validity of the separation agreement. (See *Tirrell* v. *Tirrell*, 232 N. Y. 224.)   An action, however, to set aside a separation agreement standing by itself, is not a matrimonial action such as gives the court jurisdiction to grant alimony and counsel fee, *pendente lite* (*Johnson* v. *Johnson*, 206 N. Y. 561, 567); to justify such awards, it should appear from the motion papers that there is reasonable probability of plaintiff's succeeding upon her alleged cause of action for a separation. (*Brush* v. *Brush*, 240 App. Div. 866; *De Vide* v. *De Vide*, 186 id. 814; *Rolnick* v. *Rolnick*, 223 id. 772; *Cassese* v. *Cassese*, Id. 843; *Werner* v. *Werner*, 204 id. 791.)   Since plaintiff failed in this respect, the order should be reversed, without costs, and the motion denied, without costs. All concur. (The order directs defendant to pay alimony and counsel fees, in an action to vacate a separation agreement and for a decree of separation.)   Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY OLLIS, JOHN FURY and FRANK MILLER, Appellants.— Judgment of conviction affirmed, except that judgment as to defendant John Fury is to be corrected by this court resentencing the defendant Fury as a first offender, for which purpose defendant Fury is to be brought before this court on May 11, 1938, at one forty-five P. M., Eastern Standard Time. (See *People* v. *Voelker*, 220 App. Div. 528.)   All concur. (The judgment convicts defendants of the crimes of burglary, third degree, and grand larceny, first degree.)   Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

HARRY MONROE, Plaintiff, v. RICHARD WINSLOW and Others, Defendants.— Submitted controversy determined in favor of defendants, without costs. Memorandum: Although the stipulated facts do not contain a statement that the decedent died intestate, the chart or family tree annexed thereto and made a part thereof describes the decedent as the " intestate," and we accept that as a part of the stipulation. Decedent left no brothers or sisters or any descendants of such. Under these circumstances we decide that the plaintiff and all four defendants share the decedent's estate equally, *per capita*. (Decedent Estate Law, § 83, subds. 6, 10.   See, also, *Matter of Davenport*, 172 N. Y. 454, 459.)   All concur. (Submitted controversy to determine persons entitled to share in an estate.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.