REUBEN PEARLMAN, Individually and as Administrator, etc., of FLORENCE R. PEARLMAN, Deceased, Appellant, v. FRANK P. MONAHAN, Respondent.— Action for death by wrongful act as a consequence of plaintiff's decedent being struck by the automobile operated by the defendant. Order modified by striking out the denial as to certain items contained in the notice of motion and the motion granted as to all items and matters contained in plaintiff's notice of motion dated November 29, 1938, and, as so modified, the order is affirmed, with ten dollars costs and disbursements to the appellant; examination to proceed on five days' notice. In so far as the Special Term denied plaintiff's motion, that action was improvident. The facts entitled the plaintiff to the fullest opportunity to examine the defendant. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.

AIMEE G. PRATT, Appellant, v. HENRY Z. PRATT, JR., Individually and as Trustee under a Deed of Trust Dated the 6th day of December, 1922, Made by HENRY Z. PRATT, and HENRY Z. PRATT, Respondents.— Action brought by plaintiff, whose legal status is that of remainderman of one-half of the corpus of a certain trust, against the surviving trustee thereof, who, as an individual, has a like interest in remainder, for an accounting of the acts and proceedings of the trustees and their survivor, and upon three other causes of action involving personal claims of the plaintiff against the defendants, one of whom was the creator of the trust, entitled to the life income from the corpus thereof, who was joined as a party defendant. Upon the trial the amended complaint as to each of those three other causes of action was dismissed. Interlocutory judgment, however, was entered directing an accounting by the surviving trustee before an official referee, whose report, in effect, declared that the trust had been augmented by the addition of securities other than those originally the subject of the trust. That declaration was based upon his finding upon objections duly filed by plaintiff. The defendants contended that the securities thus found to have been added to the trust were, in fact, the property of the creator of the trust, the defendant life tenant. The plaintiff moved for confirmation of the report and for final judgment in her favor. As an incident to that motion she applied for a direction that the reasonable compensation of her attorneys be paid from the entire corpus of the trust. An order was entered confirming the report and directing the entry of final judgment, but denying her application for such payment. From the last mentioned part of that order plaintiff appeals. Order in so far as appealed from affirmed, with ten dollars costs and disbursements to the respondents, payable from the corpus of the trust fund. (*Matter of Loomis*, 273 N. Y. 76, 81; *Savage* v. *Sherman*, 87 id. 277, 285; *Matter of Holden*, 126 id. 589, 594, and cases therein cited. See, also, 49 A. L. R. 1154–1156.) Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.