## In the Matter of the Estate of MORRIS HUREWITZ, Deceased.

'Surrogate's Court, Kings County, May 24, 1940.

*George S. Fishman*, for Sarah Greenberg, as executrix, etc., petitioner.

*Edward Wagreich*, for Mendel Hurewitz, legatee, contestant.

*Hyman Newman*, special guardian for Gertrude Hurewitz, infant legatee.

WINGATE, S. The Court of Appeals has repeatedly determined that an unretained attorney may not seek remuneration from a person by whom he was not retained by reason of an incidental benefit resulting from services performed in the interest of his client. (*Matter of Loomis*, 273 N. Y. 76, 82; *Nieman-Irving & Co., Inc.*, v. *Lazenby*, 263 id. 91, 94; *Matter of Attorney-General* v. *North American Life Ins. Co.*, 91 id. 57, 62. See, also, *Matter of Frame*, 162 Misc. 34, 35; *Matter of Curley*, 161 id. 391, 397; *Matter of Winburn*, 160 id. 49, 52; *Matter of Ziegler*, 170 id. 748, 751.) As to any persons other than those by whom he was retained he is merely a volunteer.

It follows that even if an incidental benefit had actually accrued to the beneficiaries of four-fifths of the estate whom the applicant did not purport to represent, he could not predicate a claim for remuneration from the shares of which they were the equitable owners on that fact.

In truth, however, no benefit whatsoever accrued by reason of his activities to the persons thus possessing the equitable title to the four-fifths of the assets of the estate. They did not join in the objections filed by him or interpose any of their own. By reason of this fact the surcharge which has been decreed does not accrue to their benefit and is only of a sum sufficient to satisfy the *pro rata* rights of the objecting parties. (*Matter of De Vany*, 205 N. Y. 591, 592; *Matter of Garvin*, 256 id. 518, 520, 521; *Matter of Ellensohn*, 258 App. Div. 891; *Matter of Stumpp*, 153 Misc. 92, 100, 101; *Matter of Young*, 156 id. 795, 800.)

As a result, the entire basis of the argument for an allowance from the assets of the estate falls. The applicant rendered no service to the estate and no one except the clients for whom he purported to act have benefited in the slightest particular from his performance. His purported clients possessed certain remedies for the enforcement of their individual rights and the applicant, as to one of them, successfully prosecuted these remedies. For all practical purposes, the situation is identical with one in which an action in a court of general jurisdiction is instituted by an individual plaintiff against an individual defendant and there is no greater legal basis for seeking remuneration against any person other than the one represented than there would be for the attorney in the general court to attempt to collect for his services from some innocent bystander who possessed no interest in the outcome of the litigation.

As a strict matter of fact, the applicant represented only a one-tenth interest in the residue, since the owner of the other one-tenth was an infant. He is, therefore, entitled to remuneration only from the holder of the one-tenth interest which he actually represented. The petition, however, prays only for the fixation of an allowance from the estate as an entirety and must accordingly in all respects be denied.

Enter decree on notice in conformity herewith.