MARIE BOYAJIAN, Plaintiff, *v.* KASPER BOYAJIAN, Defendant.

Supreme Court, Special Term, New York County, September 23, 1943.

*Stephen A. Yeghiaian* for plaintiff.

*John P. Weatherwax* for defendant.

NULL, J. The jurisdiction of the court to allow counsel fees in matrimonial actions flows from statute. (*Johnson* v. *Johnson*, 206 N. Y. 561; *De Robertis* v. *De Robertis*, 254 App. Div. 811.) Within the limits of that jurisdiction the court may award counsel fees after final judgment where the decree or the judgment of the court is assailed and the wife is without adequate means to defend. In *Fox* v. *Fox* (263 N. Y. 68) the Court of Appeals held that even after a final judgment of divorce the court was empowered to allow counsel fees and printing disbursements to a wife compelled to defend an application for reduction in alimony. In *Gibson* v. *Gibson* (179 Misc. 661) the court granted an allowance for counsel fees to

enable a wife to defend an action instituted by her husband to declare a divorce procured by him in Florida to be valid and enforcible. These were cases in which the wife was called upon to defend the decree of the court or some of its provisions.

I am not persuaded, however, that the jurisdiction of the court after final judgment would extend to an action instituted by the wife. The instant motion is for counsel fees and disbursements to enable the wife, the plaintiff, to prosecute a suit to restrain an action commenced by the defendant in Rensselaer County. Efficacious as it may be to safeguard her rights, plaintiff's suit is, nevertheless, her own affirmative act. Whether the husband has any liability for such services as may be rendered by counsel would rest upon his liability for other necessaries. (*Elder* v. *Rosenwasser*, 238 N. Y. 427.) Final judgment having been rendered, the court may not direct the payment of counsel fees and disbursements for the prosecution of a suit instituted at her own instance. Accordingly, the motion is denied.