In the Matter of the Accounting of EDGAR F. LUCKENBACH, as Trustee under the Will of LEWIS LUCKENBACH, Deceased. JOSEPH W. DRAKE, Respondent; EDGAR F. LUCKENBACH, JR., et al., Appellants.— In a proceeding pursuant to section 231-a of the Surrogate's Court Act, the services for which compensation was sought by respondent were rendered in a trust accounting proceeding and a number of related proceedings in the Surrogate's Court, Kings County, over a period of twelve years. The decree appealed from fixed and determined the compensation of respondent's firm in the sum of $250,000 and directed payment of a portion of that compensation, in the sum of $150,000, from the trust estate generally and the balance from the distributive share of respondent's clients. Decree modified, on the facts and the law, by deleting that portion thereof which directs payment of a part of the compensation from the trust estate, and, as so modified, affirmed, with costs to appellants Edgar F. Luckenbach, Jr., Andrea Luckenbach Hammer, and Roscoe H. Hupper, as executor, etc., payable out of the trust estate. Although it may be, as was found by the learned Official Referee before whom the issues were tried, that the services rendered by respondent's firm produced a substantial benefit to the trust estate, that fact alone is not sufficient to justify the direction that a portion of the fee payable to respondent's firm should be paid by the parties to the proceeding other than respondent's clients. Respondent contends that as a result of the efforts of his firm, following the original account, additional assets of

$1,720,570.37 have been recovered for the trust. The recovery of these assets involved the elimination of mortgage liens on trust assets in the sum of $1,281,612.27, the elimination of credits for vessels lost without proceeds in the sum of $157,724.19, and the inclusion in the amended and further accounts of additional assets in the sum of $281,233.91. However, the compulsory accounting proceedings which resulted in the accounting were originated by a beneficiary other than the clients by whom respondent's firm was retained, and the special guardian who represented the other beneficiaries actively participated in the accounting proceedings which resulted in such benefits. After the other beneficiaries became of age, they were represented by counsel of their own selection. The other beneficiaries have contributed through payment from the trust estate to the compensation of the special guardian, and presumably have paid, or will pay the attorneys whom they retained for services thereafter rendered at their request. As to the benefits to the trust estate, insofar as they involve the mortgage liens and additional assets, other than the item of $157,724.19, we are unable to determine from the record that they resulted from the efforts of respondent's firm alone (cf. *Matter of Merz*, 164 Misc. 855, affd. 254 App. Div. 811) and did not also result from the efforts of the special guardian and other attorneys. As to the latter item, the record discloses that the losses claimed were set forth in the accounts filed, and that no objection was made thereto. The objections interposed were directed to establishing a claim that there should be included in the trust estate 58.46% of the stock in the Luckenbach Steamship Co. and its affiliates, and those objections, so far at least, have not been sustained. The elimination of these claimed losses was brought about on trial when it was disclosed that there was a self-insurance fund from which such losses could have been covered. Even then, it was stated that respondent's clients did not object to the credit for such losses, which were eliminated on consent, at the suggestion of the Referee. Under such circumstances, we are unable to determine to what extent the extensive services performed by respondent's firm were necessary to bring about the result accomplished. Such services as respondent and his associates rendered were performed at the request of their own clients, to advance their theories and to protect their interests alone. Respondent has stated in support of his application that the other beneficiaries stood to benefit as much or more from the estate of Edgar Luckenbach as they did from the trust, and that it was only his client, the third remainderman, who had any interest in increasing the value of the trust fund. Under such circumstances, while the services rendered may have resulted in incidental benefit to the other beneficiaries, as such, we see nothing unfair in requiring respondent and his associates to look to the clients who retained them for their compensation (cf. *Matter of Vorndran*, 132 Misc. 611; *Matter of Rosenberg*, 147 Misc. 517) or in a determination that other interested parties who appeared in the proceeding by a court appointed representative and by counsel of their own selection should not be called upon to contribute to the payment of compensation of counsel whom they did not retain or request to represent them. (Cf. *Matter of Loomis*, 273 N. Y. 76; *Matter of Attorney-General* v. *North Amer. Life Ins. Co.*, 91 N. Y. 57; *Matter of Sielcken*, 176 Misc. 235, affd. 263 App. Div. 866; *Matter of Ziegler*, 170 Misc. 748.) Nolan, P. J., Adel, Wenzel and MacCrate, JJ., concur; Schmidt, J., dissents and votes to affirm. Settle order on notice.