Joseph A. Cox, S.
The accounting administrator has requested the court to determine the amount of any fee payable to attorneys who have asserted a claim against the estate for legal services. The facts developed at the hearing are contained in the main in affidavits of legal services received as exhibits in lieu of direct testimony and are that in the lifetime of this intestate the claimants were retained by the Argentine executor of the estate of the intestate’s late husband to collect assets in New York and thereafter, following the death of the intestate, the attorneys were requested by the Argentine executor to locate the persons who had succeeded to the intestate’s property in order that distribution of the Argentine assets could be made to them. The efforts of the attorneys to locate the distributees of the intestate were not successful and ultimately they were advised by the Argentine executor that under Argentine law the assets in that country had escheated to the government and could not be availed of to compensate the New York attorneys. Nevertheless the attorneys continued their investigatory efforts, although without avail, and they now assert a claim against this estate for all the services rendered by them in the manner outlined.
It is unfortunate that these attorneys found themselves in a predicament yffiere having rendered services under a retainer agreement they were unable to collect a fee from their client but this circumstance does not permit them to seek recompense from this estate, for it is the client who chooses the attorney and not the reverse. It is beyond dispute that the attorneys acted at the behest of the Argentine executor and that services in locating either assets or heirs were not rendered at the instance of either this intestate or her administrator. In respect of services performed after the date upon which the Argentine executor advised his attorneys of his inability to pay them, the attorneys acted as volunteers without a right to remuneration (Matter of Loomis, 273 N. Y. 76, 82; Nieman-Irving & Co. v. Lazenby, 263 N. Y. 91, 94; Matter of Attorney-General v. North Amer. Life Ins. Co., 91 N. Y. 57, 62; Matter of Frame, 162 Misc. 34, 36; Matter of Curley, 161 Misc 391, 397; Matter of Winburn, 160 Misc. 49, 52; Matter of Ziegler, 170 Misc. 748, 751; Matter of Hurewitz, 174 Misc. 182). The recited facts do not fall within Matter of Wiltshire (4 A D 2d 981) so as to permit *734 the exercise of the reasonable discretion therein condoned, for among other distinctions the attorney in the cited case had a client and the result of his efforts was to accomplish a distribution of the estate assets while here the claimants are without a client and the distributees of the intestate remain unknown.
There was additional proof that the claimants rendered services distinct from those heretofore considered and did so at the request of the administrator. The court evaluates such services at $100 and out-of-pocket disbursements in this connection are allowed.
Submit decree on notice settling the account.