Charles Marg-ett, J.
This is a proceeding under section 475 of the Judiciary Law to determine the lien of petitioners, as attorneys, under two written retainers in proceedings instituted by them on behalf of their client, Carsons Jamaica, Inc. (hereinafter called “ Carsons ”), to review the real estate tax assessment for the years 1957-1958 and 1958-1959.
Prior to January 25, 1957, and up to and including May 20, 1959, Carsons was in possession of certain premises under a written lease, pursuant to which it was obligated to pay the New York City real estate taxes levied against said premises. It paid the taxes thus levied for the entire tax year 1957-1958 and only for the first half of the tax year 1958-1959. Certiorari proceedings instituted by petitioners resulted in a settlement reducing the assessed valuation of the premises from $500,000 to $425,000 per year or an aggregate reduction of $150,000. The Department of Finance of the City of New York was ready to make payment of the sum of $4,685.32, representing the refund of the excess taxes paid by petitioners’ client for one year and a half, as aforesaid. However, since the second half of the 1958-1959 taxes were not paid by Carsons but by its judgment creditors, who asserted a lien against the refund on the basis of a judgment against it in this court on June 30,1959, for $10,780.50, the Department of Finance refused to make payment to petitioners in the absence of the disposition of their lien.
Both retainer agreements provided for the payment to petitioners of 50% of any savings or refund that Carsons may receive by reason of petitioners’ services for each tax year. Carsons also agreed to pay any disbursements incidental to the *780 proceedings, same to be reimbursed to it out of any savings or refund. The second retainer agreement embracing the tax year 1958-1959, however, provided for the payment to petitioners of 50% of any savings or refund for said tax year “ irrespective of whether said taxes have or have not been paid.”
The judgment creditors, whose rights are junior to any lawful charging lien of the petitioners, concede that petitioners are entitled to a charging lien of 50% of the tax savings for the tax year 1957-1958 as well as 50% of the savings for the first half of the tax year 1958-1959, the taxes for said periods having been paid by petitioners’ client Carsons. They contend, however, that petitioners have no lien on the refund for the second half of the tax year 1958-1959 since they, rather than Carsons, paid the taxes out of which the refund is to be made.
The court is in agreement with this contention since the amount of the refund for the said second half of the tax year 1958-1959 is not a fund derived from the payment of taxes by petitioners’ client Carsons. The fact that the judgment creditors have benefited as the result of the performance of legal services by petitioners for their own client does not, in the absence of an agreement by the judgment creditors, impose a liability npon them to pay for such services. (Matter of Loomis, 273 N. Y. 76.) The retainer agreement for the tax year 1958-1959, however, contemplated the payment of 50% as compensation, irrespective of whether the taxes had or had not been paid. Accordingly, that percentage of the savings for the entire tax year 1958-1959 became a charging lien on the refund which accrued to Carsons as a result of its payment of the taxes for the first half of such tax year. Petitioners are also allowed their disbursements in connection with each proceeding as set forth in their petition.
Proceed on notice.