S. Samuel Di Falco, S.
The decree denying probate to the propounded instrument reserved for determination by supplemental decree all applications for costs, allowances and fees. The attorney for Muriel Bladen, who claims to be the sole statutory distributee of the decedent, asks the court to fix his reasonable compensation and costs, and to direct payment from the general estate. The attorney did not proceed in the manner required by section 231-a of the. Surrogate’s Court Act, and *918 hence his application must be based upon section 278. He is not entitled to costs or an allowance under that section. Even if he had proceeded under section 231-a,- he would not be entitled to have his fee paid out of the general estate for he rendered no services of benefit to the estate. His services were solely for the benefit of his individual client.
The position of the client was, as the attorney states, an anomalous one. A 1918 will has been admitted to probate in British Honduras “until a later Will be found” (see Matter of Turton, 30 Misc 2d 96, 101-102). A 1955 instrument was offered for probate here as a lost will. It was to the interest of the alleged distributee that the 1955 instrument be proved to have been duly executed (thus revoking the 1918 will), but that it be denied probate on the ground that it was not in existence at the time of the decedent’s death (see Surrogate’s Ct. Act, § 143). The attorney was thus partly on one side in the contested probate proceeding and partly on the other side. He accordingly filed no pleading and took no active part in the contest. Before submission of the case to the jury he made motions appropriate to his client’s interests. He was otherwise quiescent, hopeful that the contending factions would destroy each other. The verdict of the jury was against the proponent on the question of the making of the will.
The attorney’s present contention that he represents a party who has succeeded in the contest is contrary to the record herein. He attempted to serve only his own client’s interests, he rendered no services of benefit to the estate, and he was not successful insofar as his client’s cause is concerned. There is no basis for allowing him costs, compensation or allowance out of this estate.
The attorneys for the proponent in the probate proceeding request an allowance for their services. In prohibiting an award of costs to an unsuccessful contestant in a probate proceeding, section 278 explicitly excepts from that prohibition one “ named as an executor in a paper propounded by him in good faith”, and it further affirmatively provides that “where a person named as the executor in a will propounds the will for probate, such person so named as executor may, whether successful or not, in the discretion of the surrogate, be awarded costs and all necessary disbursements made by him and all expenses incurred in the attempt to sustain the will.”
The court find as a fact that the proponent acted in good faith in propounding the will. The only evidence in the entire record that would cast any doubt upon the proponent’s good faith was in testimony given on the second trial by two witnesses. *919 The court does not accept their testimony as credible. All of the remainder of the record of proceedings indicates the good faith of the proponent and his counsel. No party makes an assertion to the contrary.
The court takes note also of the fact that probate proceedings were instituted first in British Honduras, although never concluded there, and it has considered whether, in view of that fact, the proponent could reasonably have felt it his duty to offer the will for probate here. The court’s decision on the motion to dismiss (30 Mise 2d 96) and the later agreement by all counsel, here and abroad, to press for early trial here, confirm the judgment of the petitioner in his action here.
The court has also taken into consideration the fact that the attorneys for the proponent also represented a number of beneficiaries under the propounded will and that some of their services were for the benefit of the individual clients and are chargeable against them. Section 278 is not designed to compensate attorneys for all legal services rendered to all persons in the proceeding. Its purpose is to reimburse an executor proponent for his expenses in offering the will for probate.
The court accordingly has fixed the reasonable value of the proponent’s costs, disbursements and expenses. The compensation of the special guardians has been fixed. Submit supplemental decree on notice accordingly.
The attorney for the successful contestants in the probate proceeding petitions the court under the authority of section 231-a of the Surrogate’s Court Act, for fixation of his reasonable compensation for legal services of benefit to the estate, and he requests that such fee be paid from the general estate. All parties to the proceeding recognize the character and extent of the services and their benefit to the entire estate.
The estate is a large one, the assets in this jurisdiction being slightly less than $2,000,000 and the assets outside the State being probably substantially in excess of that figure. The petitioner stood alone in actively opposing the probate of the will. Very extensive services were required prior to the trials because his clients were nonresidents and the prospective witnesses resided in British Honduras. Two lengthy trials were required, the. jury having failed to agree at the first trial. The petitioner was opposed by an array of distinguished counsel. He conducted the proceedings with skill and ability. Paraphrasing Matter of Limberg (257 App. Div. 827): As a result of the services of the petitioner, a paper purporting to be the last will and testament of Robert 8. Turton, deceased, was *920 denied probate. The estate is now being administered and is to be distributed in accordance with the applicable law and any instrument finally probated as the decedent’s will. All of those who will share in such distribution have been benefited by reason of the services of the petitioner.
The petitioner represented two legatees under the prior will and his services may well have a benefit to them beyond that which can fairly be chargeable against the entire estate. The share of the beneficiaries and claimants has not yet been fixed definitely. The court considers at this time only the services of the petitioner as they benefit the entire estate. The reasonable value of such services has been fixed. His disbursements may be taxed in a proper bill.