ALEXANDER T. STEPHAN, INC., Plaintiff, *v.* THE BANK OF UNITED STATES, Defendant.

First Department, July 1, 1932.

*R. D. Murray* of counsel [*Murray, Hollaman & Lockwood,* attorneys], for the plaintiff.

*Arthur Ofner* of counsel [*Warren C. Fielding* and *Walter Bishop* with him on the brief; *Carl J. Austrian,* attorney], for the defendant.

TOWNLEY, J. Plaintiff seeks to recover the face amount of a draft drawn by Kazuno Shoten to the order of the Yokohama Specie Bank, Ltd., against a credit opened by E. Gerli & Company, Inc., with the defendant. The draft was drawn on November 17, 1930, against fifteen bales of raw silk of the value of $5,111.75. The draft reached New York December 2, 1930. It was presented by the Yokohama bank and accepted by the defendant Bank of United States, hereinafter called the bank. On December 4, 1930, the Yokohama bank indorsed the draft and sold it to plaintiff Alexander T. Stephan, Inc. On December tenth plaintiff bought from the bank certain bank acceptances for the sum of $51,460 and sold the Kazuno Shoten draft to the bank for $5,079.66. Plaintiff gave its certified check to the bank for the full amount of its purchases and the bank gave its own cashier's check to plaintiff for the amount of the Kazuno Shoten draft. The certified check which plaintiff gave to the defendant was duly paid after the Superintendent of Banks took possession of the bank on December eleventh. The cashier's check which plaintiff received was dishonored. After notice of dishonor, plaintiff presented the check to the representative of the Superintendent of Banks and demanded the return of the draft. The defendant bank refused to deliver the draft and denied the plaintiff's right to rescind. Gerli & Company paid the draft to the bank on or about April 1, 1931.

It has been decided by this court in *Bank of United States* v. *Seltzer* (233 App. Div. 225) and by the Circuit Court of Appeals in *Greenough* v. *Munroe* (53 F. [2d] 362) that when a customer of a bank (such as Gerli & Company) furnishes funds to pay an outstanding draft to a bank in liquidation, the bank receives the payment as trustee for the legal owner and its liquidator must pay such owner.

Accordingly, the plaintiff is entitled to the proceeds of the payment made by Gerli & Company to the defendant if owing to the dishonoring by defendant of its cashier's check plaintiff is privileged to disaffirm the sale of the Kazuno Shoten draft. The determination of this question depends upon whether the cashier's check was accepted by plaintiff as absolute or conditional payment. If it were taken in absolute payment, title to the draft is in the defend-

ant and plaintiff's only claim is upon the dishonored cashier's check. If the cashier's check, however, were taken in conditional payment, plaintiff may rescind the sale, reclaim the draft and receive the benefit of the trust established in its favor. Whether the cashier's check was taken in conditional or absolute payment is a question of fact upon which the parties have not agreed. The acceptance of a cashier's check drawn by the debtor amounts only *prima facie* to a conditional payment. Whatever evidential presumption is thus established may be rebutted. Whether there are facts which might entirely rebut the presumption has not been stipulated by the parties. A submission which leaves the determining fact in doubt is so incomplete as to afford no basis upon which this court may determine the controversy.

As was said by the Court of Appeals concerning a defect in a submission (*Rushing* v. *Commercial Casualty Ins. Co.*, 251 N. Y. 302): " Its silence and obscurity permit, if they do not require, a dismissal without prejudice rather than a judgment on the merits (Civ. Prac. Act, § 548; *Marx* v. *Brogan*, 188 N. Y. 431)."

The submission should be dismissed without prejudice to a new submission or a new action.

MERRELL and O'MALLEY, JJ., concur; FINCH, P. J., and MARTIN, J., dissent.

MARTIN, J. (dissenting). I dissent. In the agreed statement of facts stipulating that there was a purchase and sale of a draft, sufficient facts are set forth to dispose of the entire matter. On the record agreed upon by the parties, the title to the draft passed to the defendant, and the plaintiff as a general creditor has a claim only against the assets of the bank based upon the cashier's check.

The cashier's check was good when given. Nothing was said at that time to the effect that it was not taken in payment or that it was not to be considered as payment. If promptly presented on the day it was issued, it would have been paid. Under the circumstances the plaintiff is an ordinary creditor of the bank.

In my opinion judgment should be rendered for the defendant.

FINCH, P. J., concurs.

Submission dismissed without prejudice to a new submission or a new action. Settle order on notice.