■ ROSE BUCCANON, Appellant, et al., Plaintiff, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— In an action to recover damages for personal injuries resulting from a fall from the platform to the tracks in a subway station, the trial court set aside a verdict in favor of plaintiff Rose Buccanon and directed a verdict in favor of defendant. The appeal is from the judgment entered thereon. Judgment affirmed, without costs. No opinion. Beldock, Murphy and Hallinan, JJ., concur; Nolan, P. J., and Kleinfeld, J., dissent and vote to reverse the judgment and to grant a new trial on the ground that the evidence was sufficient to create an issue of fact for determination by the jury.

■ COLD CATHODE LIGHTING CORP., Appellant, v. NATIONAL CATHODE CORP., Defendant, and SY WHITE, Respondent.— In an action for an injunction and for other relief, the appeal is from an order denying appellant's motion to open its default in serving a bill of particulars pursuant to (1) respondent's demand therefor and (2) a conditional order of preclusion. Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Plaintiff, v. ÆTNA CASUALTY AND SURETY COMPANY, Defendant.— Submission of a controversy upon an agreed statement of facts. Judgment unanimously directed for defendant, without costs. In our opinion the stipulated facts fail to show that the injuries to a named pedestrian resulted from the negligence of defendant's insured in the loading or unloading process described therein. So far as the stipulated facts indicate, the employees on the truck of the defendant's insured had lined the "skids" up against the building of the consignee, plaintiff's insured, or at the curb, had tucked ropes under the wheels of the skids to keep them from rolling, had then left the situs and had been gone for an hour and 40 minutes before the pedestrian tripped and fell over a rope lying on the sidewalk. Concededly, the skids were to be taken into the consignee's premises by its own employees. There is no suggestion in the stipulated facts as to how the rope in question had worked loose from under the wheels. Under these circumstances, no inference may be drawn by this court from the stipulated facts that the carelessness of the employees on the truck of the defendant's insured caused the pedestrian to trip over the rope (*Rushing* v. *Commercial Cas. Ins. Co.,* 251 N. Y. 302, 305; *Alexander T. Stephan, Inc.* v. *Bank of United States,* 236 App. Div. 280, 282; *Russel* v. *Russel,* 3 A D 2d 1007; *Town of Pelham* v. *City of Mount Vernon,* 304 N. Y. 15, 18). Nor may the court consider a statement of fact appearing only in the brief of a party (*McGoldrick* v. *Bodkin,* 140 App. Div. 196, 197). Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.