Foremost Insurance Company, Plaintiff, v Travelers Insurance Company, Defendant.

Fourth Department, November 5, 1976

*Greene, Hershdorfer & Sharpe (Victor Hershdorfer* of counsel), for plaintiff.

*Bert F. Halderman* for defendant.

MAHONEY, J. This is an action brought by submission pursuant to CPLR 3222. Plaintiff, Foremost Insurance Company, seeks money judgment in its favor against defendant, the Travelers Insurance Company, for reimbursement of 50% of the amount paid in settlement of claims and legal expenses incurred on behalf of its insured under a snowmobile liability policy. The insured was also covered by a farmer's comprehensive personal liability insurance policy issued by defendant.

From the submission presented, the operative facts bearing upon the relief sought are as follows: Both parties are insurance companies engaged in the issuance of liability insurance policies and authorized to do business in the State of New York. Plaintiff issued to Gerald Beckwith a liability insurance policy for bodily injury and property damage sustained by persons arising out of his ownership of a snowmobile, with defendant being the carrier on a farmer's comprehensive liability policy insuring Beckwith against bodily injury and property damage sustained by persons on premises of insured's farm. Defendant's policy contained the following exclusionary provision entitled "Away from Insured's Premises": "It is agreed that the insurance afforded under the personal liability coverage and under the personal medical payments coverage does not apply to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any snowmobile owned by any as-

sured, if the bodily injury or property damage occurs away from the insured's premises. But this exclusion does not apply to bodily injury to any residence employee or insured farm employee arising out of and in the course of his employment by any insured."

Both policies provided coverage for personal liability with $25,000 limits and contained "'Other Insurance' clauses which provided that where there was 'other valid and collectible insurance * * * contribution * * * by limits' ".

The Beckwith snowmobile, while being operated by his daughter with Vivian Palmiter as a passenger, collided with an automobile operated by Leo Burkoski when the snowmobile was crossing Genegantslet Road in the Town of Greene, County of Chenango, New York. Genegantslet Road, although not dedicated as a public highway, had been used by the public as a highway for over 20 years and is maintained by the county. The location where the accident occurred on Genegantslet Road is included in the deed description which conveyed title to Beckwith of his farmland premises located immediately to the north and south of Genegantslet Road, and, at the time of the accident the Beckwith daughter was proceeding directly across Genegantslet Road from one part of the Beckwith farm to the other.

Following the accident litigation ensued involving claims on behalf of the Palmiter girl and Burkoski. Defendant disclaimed any liability on its part by reason of the afore-quoted exclusionary provision in its policy, with plaintiff undertaking the Beckwith defense culminating in settlement payments being made on the Palmiter and Burkoski claims. Plaintiff seeks reimbursement from defendant for settlement moneys paid and attorneys' fees and disbursements incurred in the Beckwith defense.

The main thrust of plaintiff's contention is that, by virtue of the deed description conveying title to Beckwith of his farm premises, which encompasses the location of the accident on Genegantslet Road, the exclusionary provision of defendant's policy is inoperable as the accident did not occur "away from the insured's premises"; that the recording of said deed constituted notice to defendant at the time the policy was written; and, in addition, defendant had actual knowledge that Genegantslet Road bisected the Beckwith farm. Such fact of actual knowledge is not contained in the submission and, therefore, is not properly to be considered by us *(Ditmars-31' St. Devel-*

*opment Corp. v Punia,* 17 AD2d 357, 360; *Employers Mut. Liab. Ins. Co. of Wis. v Aetna Cas. & Sur. Co.,* 7 AD2d 853). In any event, plaintiff contends that it is only reasonable that the carrier and insured contemplated that the snowmobile would be crossing Genegantslet Road between the two portions of the Beckwith farm and, therefore, it was clear that the exclusionary provision containing the phrase "away from the insured's premises" was not contemplated by the contracting parties to apply in the factual situation presented.

Defendant, in urging judgment of dismissal, contends that the exclusionary provision contained in its policy was clear, with the "insured premises" being therein defined as "residence premises" with further definitional qualification being "all premises which the named insured or spouse owns, rents or operates as a farm". Again, such latter policy definitional fact is not specifically contained in the submission, foreclosing our reliance thereon *(Ditmars-31' St. Development Corp. v Punia, supra; Employers Mut. Liab. Ins. Co. of Wis. v Aetna Cas. & Sur. Co., supra).* Rather than dismiss for insufficiency of facts contained in the submission *(Title Guar. & Trust Co. v Mortgage Comm.,* 271 NY 302, 305), we perceive a curative factual statement contained in the submission, leading to the same conclusion, viz., "insuring Gerald Beckwith against bodily injury and property damage sustained by persons *on the premises of the insured's farm"* (emphasis added). Continuing with defendant's contention, it therefore urges that the location of the accident being on Genegantslet Road, a public highway by prescription over which Beckwith had no control, cannot be said to have occurred on the "insured's farm", and, as a consequence, properly falls within the exclusionary provision of its policy.

We conclude that judgment should be awarded to the defendant. The determinative question presented for decision is the meaning of the coverage of the respective policies and the exclusionary provision contained in defendant's policy, which is to be resolved in the light of the reasonable expectation and purpose of an ordinary businessman in making the contracts of insurance *(Harris v Allstate Ins, Co.,* 309 NY 72, 75; *Bronx Sav. Bank v Weigandt,* 1 NY2d 545, 551; *D'Agostino Excavators v Globe Ind. Co.,* 7 AD2d 483, 485).

We here have two policies of liability insurance, each designed to accord specific protection to the insured with premium rates set accordingly. Plaintiff's policy was in the na-

ture of a standard liability coverage for injury and damages resulting from ownership and operation of a snowmobile, a self-propelled vehicle designed for travel on snow or ice and operable on private lands as well as on public highways. Defendant's policy, on the other hand, is a farmer's comprehensive personal liability policy insuring against injury and damages sutained by persons "on the premises of the insured's farm", with the specific exclusion of any liability resulting from ownership and operation of any snowmobile occurring "away from the insured's premises". The intent of such exclusionary provision is for the obvious purpose of limiting the carrier's exposure in connection with such mechanical device and conveyance as a snowmobile. The optimum exposure of risk would be the operation of a snowmobile on a public highway whereon other mechanically powered vehicles are operated. It must, therefore, be concluded that limitation of such risk exposure on a public highway was intended and understood by the parties to be included in the exclusionary provision of defendant's policy.

Genegantslet Road, despite lack of formal dedication, was in fact a public highway by virtue of its continued use by the public in excess of 10 years and conceded maintenance by the county (Highway Law, § 189). As a consequence, Beckwith no longer had possession and control of that portion of his conveyed premises within Genegantslet Road's boundaries *(City of Cohoes v Delaware & Hudson Canal Co.,* 134 NY 397, 402), thereby foreclosing use of the same for farm purposes which is the predicate of his comprehensive liability policy issued by the defendant. Clearly then, with the intent of the parties as so expressed in their contractual agreement, the liability exposure resulting from the accident involving the Beckwith snowmobile came within the exclusionary provision of defendant's policy. Judgment in favor of defendant should therefore be directed.

CARDAMONE, J. P., SIMONS, DILLON and GOLDMAN, JJ., concur.

Judgment unanimously granted in favor of defendant, with costs.