■ FANNIE GOLDFARB, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 60947.)—Appeal from a judgment of the Court of Claims entered June 27, 1979, which dismissed the claim. In this action on submitted facts (CPLR 3222; 22 NYCRR 1200.19), claimant sought to recover damages from the State based on its negligence in providing her with erroneous insurance data following a 1975 incident in which she was struck and injured by an automobile while walking across an intersection. The parties were agreed that she failed to file a claim with the Motor Vehicle Accident Indemnification Corporation (MVAIC) because she had relied on a form issued by the Department of Motor Vehicles stating that a policy of insurance covering the automobile was in force on the date of the accident. It was later discovered that no such insurance was in effect on that date. Reasoning that she had no right to rely on this supposedly mistaken document, the Court of Claims determined that the State had committed no actionable wrong and dismissed her claim. Although we disagree with its analysis, the judgment should be affirmed. The Court of Claims based its ruling on an examination

of the form at issue. It plainly demonstrated that the information supplied only related to the existence of insurance coverage on the date the vehicle was last registered, not the date of the accident. However, as previously noted, the agreed statement of facts recited that the form was incorrect in specifying that coverage was in effect on the latter date. Since the court was bound to restrict itself to consideration of the submitted facts and inferences to be drawn therefrom (CPLR 3222, subd [b], pars 2, 4), and since the actual form was not incorporated in the submission, it follows that error was committed in arriving at the instant decision for it departed from the stipulated facts (see *Foremost Ins. Co. v Travelers Ins. Co.*, 54 AD2d 150). Nevertheless, we are persuaded that claimant has no valid claim against the State for reasons wholly apart from this error. The submission also discloses that a corrected form was subsequently issued by the Department of Motor Vehicles on January 3, 1977. Claimant thereafter moved for permission to file a claim with MVAIC in the Supreme Court, Kings County (Insurance Law, § 608, subd [c]), but her motion was denied and no appeal was taken from the order of that court. There is no assertion that her failure to obtain such permission was attributable to any act or omission on the part of the State. Accordingly, there is no reason to believe that there is any connection between the initially mistaken data and the benefits claimant might have received from MVAIC had she known the true state of affairs at some earlier time. While the stipulation does not reveal why her motion was denied, its legal effect is binding, and we conclude that the controversy must be resolved in favor of the State because there is no showing by claimant that the negligence assigned to it proximately caused her any injury. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.