■ AERO TRANSPORTERS, INC., Appellant, v FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered March 12, 1982 in Ulster County, upon a decision of the court at Trial Term (Williams, J.), rendered on an agreed statement of facts. Plaintiff, a contract carrier, as part of an exclusive shipping contract it had with Cerro Wire and Cable Co. (Cerro), agreed to transport a shipment of electrical conduit from Cerro's plant in Syosset, New York, to Forrestville, Maryland. To make this delivery, plaintiff trip-leased a trailer owned by Kugler Transportation; plaintiff also arranged for a Kugler driver to make the pickup. In accordance with plaintiff's instructions, Cerro's employees loaded the trailer and moved it from a secured area near Cerro's plant to an unsecured area on the Cerro premises. Prior to this movement, plaintiff authorized Cerro's loading dock foreman to issue a bill of lading covering the shipment on its behalf. The change in the trailer's location was made to facilitate the Kugler driver's access to the shipment; he was not scheduled to make the pickup until after the Cerro plant had closed on September 5, 1979, when the secured area would be locked. Because of an accident which occurred while he was en route to the plant, the driver did not arrive until September 6. In the interim, the trailer and its shipment were stolen. At the time, plaintiff was insured under a policy issued by defendant which, in pertinent part, covered "the legal liability of the insured as a carrier * * * with respect to shipments of lawful goods and merchandise * * * while such property is in the custody or control of the Insured * * * but only while in due course of transit." After pretrial disclosure had been completed and a jury was empaneled to decide the case, the parties then stipulated to the facts noted

above and submitted the issue of defendant's liability under the insurance contract to the court for resolution. In the process of reaching its decision, the court asked the parties to submit additional memoranda discussing the "legal liability" of plaintiff for the loss of the shipment, after which the court found for defendant because the facts, as stipulated, did not indicate that plaintiff was negligent with respect to the shipment; "legal liability of the insured" triggering coverage under the contract had not been established. By virtue of its having voluntarily paid Cerro for the stolen shipment, plaintiff stands in Cerro's shoes and hence carries the burden of demonstrating its own negligence as bailee under section 7-403 (subd [1], par [b]) of the Uniform Commercial Code. The standard of care chargeable to a bailee is that of "a reasonably careful man" acting "under like circumstances" (Uniform Commercial Code, § 7-309, subd [1]). Plaintiff contends that the absence of any reference to it overseeing the shipment means it neglected to take any measures to safeguard the trailer and its cargo. Assuming this to be so, nothing in the stipulation suggests that the movement of the trailer to facilitate pickup failed to comport with standards of due care. There is not a hint as to what the common practice is regarding late pickups, nor is there anything to intimate that the locale of the theft is a high-crime area. The facts in the stipulation do not indicate that relocating the shipment from the secured to the unsecured area was unreasonable. That the site where the trailer was left is labeled "unsecured" does not mean that leaving the trailer there constituted negligence. Such designation may just as easily be construed simply as a means of distinguishing this area from the secured area which was admittedly locked. More than mere labeling is necessary to establish plaintiff's legal inability. What must be included in the stipulation or readily inferrable from it (see *Goldfarb v State of New York,* 73 AD2d 1027), is that the movement of the trailer, under all the circumstances, was an unreasonable course of conduct. As the facts stipulated to do not dictate such a conclusion, we affirm. A remittal for a supplemental submission of facts, the alternate relief sought by plaintiff, is inapposite. Plaintiff's argument in this regard depends heavily upon CPLR 3222 (subd [b], par 5), which permits the filing of an additional statement if the statement of facts "is not sufficient to enable the court to enter judgment". Initially, it is noteworthy that the stipulation here does not technically qualify as an "action on submitted facts" under CPLR 3222. That type of action is characterized by the absence of the "myriad of steps" involved in ordinary litigation such as pleadings, disclosure, affidavits, and notes of issue (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3222:1, p 1081). When the stipulation is entered into literally on the eve of trial, it is not at all clear that an additional statement of facts can be filed. In any event, even if we were to treat this as an action under CPLR 3222, the stipulated facts were certainly sufficient to enable the court to render judgment; they were neither manifestly incomplete nor confusing (see *Public Serv. Mut. Ins. Co. v Fireman's Fund Amer. Ins. Cos.,* 71 AD2d 353). Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.