■ TECHLEASE, INC., Respondent, v ROYAL INSURANCE COMPANY OF AMERICA, Appellant.—Submission of a controversy pursuant to CPLR 3222 to determine the issue of whether the plaintiff insured complied with the applicable notice of loss provisions set forth in the subject insurance contract and is thus entitled to recover under the policy.

Adjudged and declared that the plaintiff did not comply with applicable notice of loss provisions of the policy of insurance and therefore is not entitled to payment from the defendant, and the complaint is otherwise dismissed, without costs or disbursements.

The statement of facts, together with appended exhibits, indicate that the plaintiff, the owner lessor of certain equip-

ment, first learned on December 12, 1985, that the lessee of the subject equipment, who was in arrears for past due monthly rental payments since July 25, 1985, had disconnected its telephone. Despite various attempts to contact and track down the corporate lessee and its officers, none was ever located, nor was the plaintiff's missing equipment found. Thus, on June 23, 1986, plaintiff's attorney concluded that the matter should be deemed a theft. Thereafter, on September 12, 1986, notice was given to the plaintiff's insurance carrier of the theft loss of the leased equipment. In its proof of loss statement the plaintiff acknowledged that the theft was discovered on December 12, 1985.

The plaintiff and defendant have agreed that the sole issue to be determined is whether the plaintiff gave the defendant insurance company notice of its loss "as soon as may be practicable" after the loss became known.

This court must decide this case based solely on the facts set forth in the submitted statement of facts and it may only make findings of law based upon the stipulated submitted facts (see, Ditmars-31' St. Dev. Corp. v Punia, 17 AD2d 357, 360; Employers Mut. Liab. Ins. Co. v Aetna Cas. & Sur. Co., 7 AD2d 853, lv denied 6 NY2d 705; see also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3222:1, at 1081; C3222:4, at 1083). Since the CPLR requires that the submitted statement of fact be complete and serve as the only basis for the determination of the controversy (see, CPLR 3222 [b]), ordinarily, the court would dismiss without prejudice a submission based upon an incomplete statement of facts (CPLR 3222 [b] [5]). However, there is case law which indicates that information contained within exhibits incorporated into the statement of facts may also be referred to by the court (see, Monroe v Winslow, 254 App Div 811).

In the matter at bar, some of the pertinent facts of the case needed to be "distilled" from the exhibits referred to in the statement of facts. A review of the facts at bar fails to reveal any special circumstances to excuse the plaintiff's nine-month delay in giving the defendant notice of the loss. Accordingly, we find that, as a matter of law, the plaintiff's notice of loss was not given within a reasonable time after discovery of the loss (see, Jenkins v Burgos, 99 AD2d 217, 220), and, therefore, the defendant is entitled to judgment in its favor. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.