In the Matter of GARY B. TREICHLER et al., Individually and on Behalf of All Taxpayers Similarly Situated, Plaintiffs, v NIAGARA-WHEATFIELD CENTRAL SCHOOL DISTRICT et al., Defendants.

Fourth Department, November 18, 1992

2

## APPEARANCES OF COUNSEL

*Hiscock & Barclay,* Buffalo *(William R. Brennan* and *Michael G. Wolfgang* of counsel), for plaintiffs.

*Saperston & Day, P. C.,* Buffalo *(Thomas F. Segalla* and *Richard T. Saraf* of counsel), for Niagara-Wheatfield Central School District and another, defendants.

*Timothy J. Toohey,* Lewiston *(Dennis Clary* of counsel), for Town of Niagara and another, defendants.

## OPINION OF THE COURT

BALIO, J.

Plaintiffs own nonhomestead property in the Town of Lewiston, Niagara County. Their property is situated in that portion of the Town of Lewiston encompassed within the Niagara-Wheatfield Central School District. That School District also encompasses all of the Town of Niagara and portions of the Towns of Wheatfield and Cambria.

Prior to the 1988-1989 school tax year, the Town of Niagara conducted a revaluation of real property within the Town. The Town adopted the dual tax rate structure for homestead and nonhomestead properties pursuant to article 19 of the Real Property Tax Law (RPTL), and the Town applied for and received certification as an "approved assessing unit" *(see,* RPTL 1902). Because at least one third of the parcels within the Niagara-Wheatfield Central School District were located within the Town of Niagara, the School District was an "eligible split school district" (RPTL 1901 [x]). This enabled the School District to establish homestead and nonhomestead tax rates for all parcels within the district, including parcels in those towns (Lewiston, Wheatfield and Cambria) that have not adopted that dual tax rate structure *(see,* RPTL 1903-a). The School District did establish homestead and nonhome-

stead tax rates for the 1988-1989 and 1989-1990 school tax years. Plaintiffs contend that the legislation enabling the School District to establish district-wide homestead and non-homestead tax rates (RPTL art 19) violates their constitutional rights to due process and equal protection provisions of the law (see, US Const, 14th Amend, § 1; NY Const, art I, §§ 6, 11).

## I

This matter has been presented to this Court as the submission of a controversy on agreed facts. The parties, however, did not follow the correct procedure. An action on submitted facts is commenced "by filing with the clerk a submission of the controversy" (CPLR 3222). There is no need to file a summons and complaint. Filing of the submission dispenses with the myriad steps involved in ordinary litigation, including pleadings, disclosure, motions and notes of issue (Aero Transporters v Firemen's Ins. Co., 94 AD2d 844, 845; Nott v Klein, 159 Misc 35, 37; see also, Siegel, NY Prac § 304 [2d ed]; 4 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3222.01, 3222.03). The instant actions for declaratory judgment relief were commenced by the service of summonses and complaints, followed by the service of answers and filing of motions. The parties did not agree upon the "submission" or stipulate to removal of the submission to this Court (see, CPLR 3222 [b] [3]) until various motions were resolved by Supreme Court. Because declaratory relief can be sought in a submission on agreed facts (see, Marine Midland Bank v Price, Miller, Evans & Flowers, 57 NY2d 220; 4 Weinstein-Korn-Miller, op. cit., at ¶ 3222.02), we exercise our discretion to disregard the procedural irregularity (CPLR 103 [c]; cf., Aero Transporters v Firemen's Ins. Co., supra), thereby reaching the merits of the issues raised in the submission.

## II

Plaintiffs contend that RPTL article 19, to the extent it enables the School District to establish homestead and non-homestead tax rates under the facts of this case, is facially unconstitutional. Their major complaint is that there is no rational basis for the Legislature's use of the one-third[1] fraction, or "number of parcels", as the criteria for allowing

---

1. In 1989, the Legislature amended RPTL 1901 (x) to reduce the one-third requirement to "one-fifth or more of the parcels in the first year" (L

school districts to adopt the homestead and nonhomestead tax classification on a district-wide basis.

RPTL article 19 enjoys a strong presumption of constitutionality. The presumption " 'can be overcome only by the most explicit demonstration that [the] classification is a hostile and oppressive discrimination against particular persons and classes. The burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it' " *(Trump v Chu*, 65 NY2d 20, 25, *appeal dismissed* 474 US 915, quoting *Madden v Kentucky*, 309 US 83, 88).

■ ■ Plaintiffs contend that using the number of parcels as the qualifying criterion, without consideration of the size, use or value of those parcels, lacks any rational relationship either to implementing a dual tax structure or to raising revenues for school purposes on an equitable tax basis; and that use of the one-third threshold amounts to invidious discrimination because it enables those towns constituting a minority of the parcels within the district to control school district economics, especially considering that nonhomestead taxpayers have no vote in school district elections and receive little or none of school district services. We find plaintiffs' contentions unpersuasive.

■ RPTL article 19 was enacted in 1981 to permit towns and cities which had undergone a revaluation of their real property to adopt homestead and nonhomestead tax rates, thereby continuing the de facto dual taxation system that developed before the Court of Appeals decision in *Matter of Hellerstein v Assessor of Town of Islip* (37 NY2d 1) *(see, Foss v City of Rochester*, 65 NY2d 247, 251-252). Five years later, RPTL article 19 was amended to permit school districts to adopt the homestead and nonhomestead classification throughout the district where one third or more of the parcels within the district were located within one or more of the towns or cities constituting an "approved assessing unit" (L 1986, ch 500, § 2). The purpose of that legislation was to encourage the revaluation of properties and updating the assessment rolls and "to ameliorate the school district tax burden shift, resulting from the Court of Appeals' decision in *Foss* v. *City of*

---

1989, ch 500, § 1). Plaintiffs also contend that there is no rational basis for use of the one-fifth fraction as a triggering mechanism for implementation of the dual tax rate structure. Because the one-fifth fraction applies only where a school district seeks to apply the dual tax rate structure for the first year, it does not apply in this case.

*Rochester* * * * in those communities which have adopted Section 1903 of the Real Property Tax Law" (Senate Rules Comm Mem, 1986 NY Legis Ann, at 223). In *Foss (supra)*, the Court of Appeals invalidated the City of Rochester's adoption of RPTL article 19 because it had the effect of imposing a greater county tax burden upon nonhomestead taxpayers within the City than upon other nonhomestead taxpayers in the County of Monroe. Without the 1986 amendment to RPTL article 19 enabling school districts to adopt the homestead and nonhomestead classification on a district-wide basis, nonhomestead taxpayers in the Town of Niagara, which adopted the dual tax rate structure, would be in the same situation as the nonhomestead taxpayers in Rochester. Town of Niagara nonhomestead taxpayers would have a greater school district tax burden than other nonhomestead taxpayers within the same taxing authority, the School District. The 1986 amendment, by enabling school districts to impose the same classification and equalized rates throughout the district, "ameliorated" constitutional implications, and, at the same time, by utilizing the one-third qualifying threshold, encouraged other municipalities to undertake revaluation. Moreover, there was a rational basis for utilizing a minority (such as, one-third) threshold figure. The amendment was designed to encourage revaluation. Greater encouragement is provided in those instances where fewer parcels have undergone revaluation.

■ Utilizing the number of parcels as a threshold criterion also facilitates a school district's decision to adopt the homestead and nonhomestead classification. It is an objective standard that is easy to apply. Because the underlying purpose is to encourage the revaluation of a greater number of parcels, there is a reasonable basis for using that criterion as the threshold for implementing the dual tax rate structure. In sum, we find that there is a reasonable basis for the Legislature's use of "one-third or more of the parcels" in the school district (RPTL 1901 [x], as enacted by L 1988, ch 388, § 3; RPTL 1903 [5] [b], as enacted by L 1986, ch 500, § 2) as the triggering mechanism for a school district's adoption of the homestead and nonhomestead classification.

### III

■ Plaintiffs' contend that RPTL article 19 enabled the School District to discriminate against nonhomestead taxpay-

ers in those towns which have not adopted the dual tax rate structure. We find this contention to be devoid of merit.

The creation of dual tax rates does not violate the US or NY Constitution "as long as the classification is reasonable and the taxes imposed are uniform within the class" *(Foss v City of Rochester,* 65 NY2d 247, 256, *supra; see also, Lehnhausen v Lake Shore Auto Parts Co.,* 410 US 356, 360; *Shapiro v City of New York,* 32 NY2d 96, 103-107, *appeal dismissed* 414 US 804).* The classification permitted by RPTL article 19 merely continues the de facto tax structure that developed prior to the Court of Appeals decision in *Hellerstein* (37 NY2d 1, *supra),* thereby assuring stability in the relative tax burdens of taxpayers *(see,* Mem of State Bd. of Equalization and Assessment, 1988 McKinney's Session Laws of NY, at 2035). Further, plaintiffs' counsel acknowledged at oral argument that the tax rates for nonhomestead taxpayers throughout the district were "presumably equalized", and the submission contains no facts to the contrary.

## IV

Plaintiffs, relying principally upon *Foss v City of Rochester* (65 NY2d 247, *supra),* claim that RPTL article 19 is unconstitutional because it enables the School District to impose a greater tax burden upon nonhomestead taxpayers within the School District than upon nonhomestead taxpayers in the same towns (Lewiston, Wheatfield and Cambria) but whose property is situated in another school district (either the Lewiston-Porter, Starpoint or Wilson Central School District).

*Foss (supra)* has no application to plaintiffs' contention. *Foss* involved a situation where a greater tax burden was imposed upon the nonhomestead taxpayers in one municipality than the nonhomestead taxpayers in other municipalities *within the same taxing authority,* the County of Monroe. The constitutional invalidity described in *Foss* has no application to a comparison of the relative tax burdens between taxing authorities. Plaintiffs and other nonhomestead taxpayers within the School District are not "similarly situated" with nonhomestead taxpayers in other school districts *(see, Forward v Webster Cent. School Dist.,* 136 AD2d 277, *appeal dismissed* 72 NY2d 908).

Accordingly, judgment should be granted to defendants declaring those sections of the RPTL challenged in this sub-

mission[2] constitutional and dismissing plaintiffs' civil rights cause of action.

GREEN, J. P., PINE, BOEHM and DAVIS, JJ., concur.

Judgment unanimously granted in favor of defendants, without costs, in accordance with the opinion by BALIO, J.

---

2. The specific provisions challenged are: RPTL 1903 (5) (b), as enacted by L 1986, ch 500; and RPTL 1901 (x) and 1903-a, as enacted by L 1988, ch 388.